HINES, Director General of Railroads, v.
BLACKMAN. (No. 8380.)

(Court of Civil Appeals of Texas. Dallas.
May 29, 1920. Rehearing Denied
Dec. 18, 1920.)

Evidence ⟷127(2), 317(3)—Testimony for
injured railroad employé to show complaints
at time of injury held admissible.

Where a railroad employé proved his injury, and defendant proved by a number of witnesses that at the time plaintiff did not stop work, that he made no complaint, etc., testimony of a witness offered by plaintiff in rebuttal to show his complaints at the time was admissible.

Error from District Court, Hunt County;
Wm. Pierson, Judge.

Suit by Charles C. Blackman against Walker D. Hines, Director General of Railroads. Judgment for plaintiff, and defendant brings error. Affirmed.

Chas C. Huff, of Dallas, and Dinsmore, McMahan & Dinsmore, of Greenville, for plaintiff in error.

Evans & McCoy, of Greenville, and Claude E. Sheppard, of Sulphur Springs, for defendant in error.

RAINEY, C. J. Defendant in error brought this suit against plaintiff in error, Director General of Railroads, to recover damages for personal injuries, alleging:

"That defendant in error was injured on the 11th day of April, 1918, while working for plaintiff in error as a member of a bridge gang. It is alleged that defendant in error and another member of the gang were directed by the foreman to pick up and carry a railroad tie from a position on the right of way to and upon the railway track at a bridge which was being repaired; that when they picked up the tie the member of the gang working with defendant in error negligently dropped, or permitted to fall, the end of the tie which he was lifting, thereby throwing great weight on the shoulder of defendant in error, causing a sprain and strain on the back and sides, particularly in the small of the back."

Defendant in error answered by general demurrer, general denial, plea of contributory negligence, assumed risk, and by plea of pure accident.

A trial was had with a jury, and resulted in judgment for defendant in error, and plaintiff in error has brought the case here by writ of error.

The first error assigned is:

"The court erred in overruling the defendant's objection and in permitting the plaintiff to prove by plaintiff's witness A. Perry, on direct examination in rebuttal. that in April, 1918, when he saw plaintiff at plaintiff's father's home near the town of Mineola, in Wood county, Tex., plaintiff was laying around, and made complaint that he was hurt, complained of his back and shoulders; the objection to said testimony being that it was hearsay and self-serving."

The proposition presented is as follows:

"A statement by a plaintiff claiming personal injuries, made long after the injury, to the effect that he was 'hurt'—that is, had been injured—theretofore, and which was not a complaint of pain suffered or existing at the time, was self-serving, was hurtful to the defendant, and should have been excluded upon proper objection.

"Defendant in error, testifying in his own behalf, stated that he was hurt on the 11th day of April, 1918. A. Perry was called as a witness in rebuttal by defendant in error. He testified that in the month of April, after defendant in error claimed to have been injured, witness saw him at the Blackman home in Wood county. While A. Perry was testifying in rebuttal for defendant in error he testified that he had seen the plaintiff at a time following the alleged injury at the home of plaintiff's father, and that plaintiff was 'laying around.' Counsel for defendant in error then asked the witness this question, 'I will ask you in his laying around whether he made complaints or not,' to which question the witness answered, 'Yes, sir.' Whereupon the attorney for defendant in error asked the witness this further question, 'What was his complaint?' to which question the plaintiff in error objected because an answer relating to complaints which defendant in error made at that time would be self-serving and hearsay. The court overruled the objection and permitted the witness to answer and say, and he did answer and say 'that plaintiff's complaints were that he was hurt,' to which action of the court in overruling the said objection, and in admitting the said testimony, plaintiff in error at the time excepted and reserved his bill of exception. The court indorsed the said bill of exception as follows: 'Approved with the following qualifications: Just following the above question plaintiff's counsel asked the witness of what plaintiff was complaining, to which witness answered that plaintiff was complaining of his back and shoulder.'"

From the bill of exceptions we conclude that the expressions of the witness were not spontaneous and involuntary as to present and existing pain, and, as to his being hurt, it was after the hurt was purported to have taken place and self-serving, which is error. Jones on Ev. § 349.

The testimony in this case was so evenly balanced that it cannot be said that the error in admitting it could be considered harmless, but, if error, it became of importance, as it was liable to turn the scales of justice and cause the jury to be influenced the wrong way. Such an error should not be overlooked by this court, but the judgment should be reversed, and a new trial be granted, that a proper trial be had.

---

⟷For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The judgment is therefore reversed, and cause remanded for a new trial.

Reversed and remanded.

#### On Rehearing.

At a former term of this court we reversed and remanded this case for the admission of certain testimony. Upon further consideration we are of the opinion our ruling on that point was error. Defendant in. error, in making out his case, proved his injury. Plaintiff in error proved by a number of witnesses, in offset of defendant in error's claim, that at the time defendant in error claims he was hurt he did not stop work, that he made at that time no complaint, and generally that defendant in error was not injured, and that what he testified to was fabricated, and that at the time his utterances were inconsistent with his statements on the stand as a witness. Defendant in error in rebuttal offered a witness to show his complaints at the time made in contradiction of the case made by witnesses for plaintiff in error. Under the circumstances the trial court properly admitted it, and the objection should not have been sustained.

We find no error in the judgment, and the motion, for a rehearing will be granted, and the judgment will be affirmed.