**HINES, Director General, v. BLACKMON. (No. 298–3601.)***

(Commission of Appeals of Texas, Section A. April 4, 1922.)

**1. Master and servant ⊕⟲204(3)—Risk of negligence of coemployee not assumed under Federal Act unless obvious.**

Under federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665), an employee does not assume a risk attributable to the negligence of his coemployee until he is aware of the latter's negligence and unless the risk is so obvious that an ordinarily prudent person in the same situation would observe and appreciate the danger resulting from such negligence.

**2. Master and servant ⊕⟲288(16½)—Assumption of risk of negligence of coemployee held for jury.**

In an action under the federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665),

for injury received while engaged with a coemployee, in carrying a railroad tie, where the evidence, as to the negligence of employees generally in doing such work, was conflicting, the question of whether plaintiff was chargeable with notice of his coemployee's negligence and assumed the risk was for the jury.

**3. Master and servant ⊕⟲278(17)—Finding of negligence as to laborer carrying tie sustained.**

In an action under the federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665), for injury to a laborer engaged with a coemployee in carrying a railroad tie which fell, evidence of negligence *held* sufficient to sustain recovery.

**4. Trial ⊕⟲296(4, 5)—Court's charge held not to limit defense to contributory negligence of plaintiff.**

A charge that if plaintiff's coemployee was guilty of negligence and if plaintiff was also guilty of negligence in performing the work, but which was not the sole cause of the accident, but contributed in bringing about the injury, he would be guilty of contributory negligence, and his damages should be diminished in proportion to the amount of his negligence, *held* not subject to the objection that it was calculated to lead the jury to believe that the defense was limited to plaintiff's contributory negligence, in view of the general charge and special charges submitting every defense urged.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Action by Charles M. Blackmon against Walker D. Hines, Director General. From a judgment for plaintiff, affirmed by the Court of Civil Appeals (226 S. W. 142), defendant brings error. Affirmed.

Charles C. Huff, of Dallas, and Dinsmore, McMahan & Dinsmore, of Greenville, for plaintiff in error.

Evans & McCoy, of Greenville, and Charles L. Black, of Austin, for defendant in error.

SPENCER, P. J. The Court of Civil Appeals affirmed a judgment in favor of defendant in error against plaintiff in error, for damages for personal injuries. 226 S. W. 142.

Defendant in error was an employee of plaintiff in error, and, at the time of his injury, was engaged with a coemployee, Tom Sutton, in carrying a railroad tie.

Plaintiff in error defended the action upon the ground of assumed risk, contributory negligence, and in the alternative that the alleged injuries were caused from an accident in which neither defendant in error nor his coemployee were negligent.

Plaintiff in error contends that the cause of action is controlled by the federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665), inasmuch as it appears without contradiction that plaintiff in error was engaged in interstate commerce at the time of the accident, and that defendant in error

---

⊕⟲For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Rehearing denied May 17, 1922.

was an employee furthering that work. Let us concede, without deciding, that the cause is so controlled. Pedersen v. Delaware, Lackawanna & Western R. R. Co., 229 U. S. 146, 33 Sup. Ct. 648, 57 L. Ed. 1125, Ann. Cas. 1914C, 153, 3 N. C. C. A. 779; Philadelphia, Baltimore & Washington R. R. Co. v. Smith, 250 U. S. 101, 39 Sup. Ct. 396, 63 L. Ed. 869.

[1, 2] Because the case is controlled by the federal Employers' Liability Act, plaintiff in error insists that defendant in error assumed the risk of his injury as a matter of law, and, therefore, cannot recover. To this we cannot agree. Under the federal statute, an employee does not assume a risk attributable to the negligence of his coemployee until he is aware of the latter's negligence, unless the risk is so obvious that an ordinarily prudent person in his situation would observe and appreciate the danger resulting from such negligence. Erie R. R. Co. v. Purucker, 244 U. S. 320, 37 Sup. Ct. 629, 61 L. Ed. 1166.

There is no evidence in the record that defendant in error had any knowledge of any previous negligence upon the part of his coemployee, in doing the work in which they were engaged. As to the negligence of employees generally in the doing of the work in question, the evidence is very meagre, and certainly it is not of that convincing character that a court could conclude as a matter of law that defendant in error was chargeable with notice of such negligence. The most that can be said is that the evidence is conflicting. Such being the case, its decision was properly for the jury. The court, in a form not complained of nor objected to, submitted the issue of assumed risk to the jury, and the jury has, upon conflicting evidence, decided the issue adversely to plaintiff in error. Its decision, therefore, is final.

[3] There is no merit in the assignment charging that there is no evidence of negligence. Under this assignment, plaintiff in error urges that negligence cannot be inferred from the mere fact that an injury has occurred. Let this be granted. It has no application, however, to this case. Defendant in error has testified as to how the accident, resulting in his injuries, occurred. He says:

"In picking up this tie, I took hold of the south end and Tom Sutton took hold of the north end, and I was on the west side of the tie. I would suppose the flat side of a tie is about six inches wide across the top, and I suppose it would be about six inches thick. In carrying a tie on our shoulders, we carried them on the flat side. We would pick up a tie and carry it on the left shoulder and carry it flatways. Say this is south and this is north and say I was at this end of the tie, I would be facing east—we were both facing east; I would be here and him here; I would take hold of it in this position and he would say 'Santa Fe'—he

would take hold of the other end; when we raised the tie we said 'Sante Fe' and turned the position of the tie; we had to change the position of the tie to straighten up; we changed the side of our face as we changed from the east to the south; we both were looking east, and when we placed the tie on our shoulder we were facing south; he would be facing my back and I would be looking south. As we picked the tie up in this position and said 'Santa Fe,' and as I put the tie on my shoulder like this, Tom Sutton let his end drop, or let it fall, throwing the weight on my shoulder, jerking me backward and in a twist."

This evidence met the allegations of his pleadings, and was sufficient upon which to rest a verdict and judgment. It is true that Sutton contradicted this testimony and accounted for the falling of the tie upon the basis that defendant in error disobeyed the signal by turning the tie entirely over instead of half over. The testimony was sharply conflicting. The court instructed the jury to find for defendant in error, if they found that the injury occurred as alleged, and he also gave the converse of this charge. The jury has settled this controversy, and the court is bound thereby.

[4] Plaintiff in error attacks the sixth paragraph of the court's charge, which reads as follows:

"If you believe from the evidence that, while plaintiff and his coemployee were picking up said tie, that plaintiff failed to exercise ordinary care for his own safety; or if you believe in handling the said tie said coemployee, Tom Sutton, was guilty of negligence, as alleged, and that plaintiff turned the tie so as to strike his coemployee and cause him to fall and to let his end of the tie fall, and that, in doing so, if he did, that plaintiff was guilty of negligence; *and if you find that such failure on his part to exercise ordinary care, if you find he did so fail, was not the sole cause but contributed to bring about the injury, if any, complained of,* then plaintiff would be guilty of contributory negligence." (Italics ours.)

"If you find that plaintiff's said coemployee was negligent in the matters complained of, and if you also find that plaintiff was guilty of contributory negligence, such contributory negligence, if any, would not, under the law, prevent plaintiff from recovering damages for such injuries, if any, but in case you so find you will diminish the amount of damages you may find, if any, in proportion to the amount of negligence, if any, which you may attribute to plaintiff."

The complaint of this charge is that it is calculated to lead the jury to believe that plaintiff in error's defense was limited to defendant in error's contributory negligence, if any, in handling the tie; whereas, the law is that defendant in error would not be entitled to recover, regardless of whether his act was negligent, if it was the sole cause of the injury. In view of the pleadings of the parties and the proof introduced in support thereof, and the general and spe-

cial charges given to the jury, the charge is not subject to the criticism leveled at it. Defendant in error alleged that his coemployee negligently dropped the end of the tie, which he was handling, while attempting to place it on his shoulder. Plaintiff in error replied to this allegation by charging that the injury was caused solely by defendant in error's negligence in turning the tie entirely over, instead of partially or onehalf over, as he was signalled to do; but if not caused wholly by his own negligence, it was contributed to thereby. A charge upon contributory negligence was called for, therefore, by the pleadings and proof.

The charge complained of, in effect, tells the jury that, if Sutton was guilty of negligence as alleged, and that, if defendant in error was also guilty of negligence in the handling of the tie, but which was not the sole cause of, but contributed to bring about, the injury, he would be guilty of contributory negligence, and that his damages should be diminished in proportion to the amount of his negligence.

The defense of contributory negligence being entirely separate and distinct from the defense that the injury was an accident occurring without negligence upon the part of either defendant in error or Sutton, it should not have been confused with the latter. If the charge had omitted the italicized clause, which was evidently inadvertently omitted in copying the charge in the application for writ of error, and had objection been made to it in such emasculated form, the objection would doubtless have been sustained.

The court, with commendable care and caution, submitted, either in the general charge or by special charges, every defense urged by plaintiff in error. Plaintiff in error requested, and the court gave, a special charge instructing the jury that, if defendant in error was negligent, and that such negligence was the sole cause of his injury, that he would not be entitled to recover. At his request the court also gave a special charge instructing the jury that, if defendant in error's injuries, if any, were the result of pure accident—that is, that there was no negligence upon the part of either Sutton or defendant in error, to find for plaintiff in error. It thus appears that the last charge covered the very matter which plaintiff in error contends should have been incorporated in the charge complained of.

We recommend, therefore, that the judgment of the Court of Civil Appeals and of the district court be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

Associate Justice PIERSON not sitting.