## ST. PAUL MERCURY INDEMNITY CO.
### v. MULLINS.
### No. 4498.

Court of Civil Appeals of Texas.
Texarkana.

June 12, 1934.

Rehearing Denied June 14, 1934.

Brachfield & Wolfe, of Henderson, for appellant.

Caldwell, Gillen, Francis & Gallagher, of Dallas, for appellee.

SELLERS, Justice.

Appellee, J. S. Mullins, filed this suit in the district court of Rusk county to set aside an award of the Industrial Accident Board and to recover compensation for total and permanent disability. Judgment of the trial court was in favor of appellee for the sum of $6,135.75, and appellant has appealed to this court.

Appellant's first assignment of error complains of certain argument of appellee's counsel to the jury. This assignment is based upon appellant's bill of exception No. 9. In approving this bill of exception the trial court said: "I cannot certify that the language used is correct because I do not remember, but the reasons assigned are correct and I so certify." It is clear to our minds that the trial judge in using the above language did not undertake to say that the argument complained of which was set out in the bill of exception was correct. In the absence of a bill of exception showing affirmatively that the argument complained of was made by appellee's counsel, the assignment is without support in the record and cannot be considered.

Appellant's second assignment of error and its proposition thereunder will not be considered for the reason that we are unable to find in the record any exception to the court's charge, which will support the complaint made by this assignment.

Appellant's third assignment of error complains of the admission of certain testimony admitted in evidence over its objection that such testimony was prejudicial to the rights of defendant and could only be introduced for the purpose of creating sympathy and the assignment refers to three bills of exception where the evidence complained of may be found. We are very strongly of the opinion that this assignment is multifarious and is subject to the objection made by appellee to its consideration, but we have carefully considered the three bills of exceptions and believe the evidence complained of was admissible. The evidence set out in one bill

of exception is as follows: "Q. Describe the home you live in, what kind of a house is it? A. It is just a little old two-room boxed house with a shed on the back, and it hasn't got any top on it to amount to anything. I am not able to put one on it, and it belongs to a widow woman and she won't put one on it; and it is no house at all to live in. It is just a place for a couple of little orphan children to go to eat." By appropriate pleadings appellee sought a lump-sum settlement in the event the jury found he was entitled to compensation. The above evidence, in our opinion, would tend to show the financial condition of appellee, which is always a material inquiry when a lump sum settlement is involved. Texas Indemnity Ins. Co. v. Pemberton (Tex. Civ. App.) 9 S.W.(2d) 65. The evidence contained in the other bills of exception is of a similar nature.

Finding no error in the record, the judgment of the trial court will be affirmed.