## STATE ex rel. HALE v. O'MEARA, County Judge, et al.

### No. 9514.

Court of Civil Appeals of Texas.
San Antonio.

July 18, 1934.

Rehearing Denied Aug. 1, 1934.

Gaines, Gaines & Roberts, of San Antonio, and W. T. Hair, of Carrizo Springs, for appellant.

Hicks, Dickson, Bobbitt & Lange and Robert Lee Bobbitt, all of Laredo, Laurie M. Huck, of San Antonio, A. P. Johnson and Jesse H. Long, both of Carrizo Springs, Russell Ponder, of San Antonio, and Wm. H. Davis, of Carrizo Springs, for appellees.

SMITH, Justice.

This action was brought by Manza L. Hale, in the name of the state, to remove from office

the county judge and the four county commissioners of Dimmit county, under the constitutional and statutory provision that "County Judges, * * * and other county officers, may be removed by the Judges of the District Courts for incompetency, official misconduct, * * * upon the cause therefor being set forth in writing and the finding of its truth by a jury." Article 5, § 24, Const.; article 5970, R. S. 1925. At the conclusion of the trial below the district judge directed a verdict in favor of the county officials, and the·relator has appealed from the resulting adverse judgment.

In his complaint relator set forth certain' specific acts charged against appellees, alleging that said acts amounted to incompetency and official misconduct within the meaning of the definition contained in appropriate statutes, as follows:

"Art. 5972. By 'incompetency' as used herein is meant gross ignorance of official duties, or gross carelessness in the discharge of them. * * *

"Art. 5973. By 'official misconduct,' as used herein with reference to county officers, is meant any unlawful behavior in relation to the duties of his office, wilful in its character, of any officer intrusted in any manner with the administration of justice, or the execution of the laws; and includes any wilful or corrupt failure, refusal or neglect of an officer to perform any duty enjoined on him by law."

In his first, second, third, and fourth propositions relator contends that under the constitutional provision here invoked a jury alone can pass upon the issue of whether an official is guilty or innocent of improper acts charged against him in a case of this character, and that therefore the trial judge erred in directing a verdict for appellees. The proposition is correct, in a general sense, in that no official may be removed from office for acts of incompetency or misconduct unless and until he has been found guilty of such acts, by a jury of his peers; a district judge has no power to remove an official in the absence of such jury finding.

But we do not understand that this rule may be extended so far as to prohibit a district judge from withholding from the jury the issue of guilt when it is not raised by the evidence; or where, even though the charges may appear to be technically true, the evidence conclusively exonerates the official from any actual wrong, and acquits him of any willful or corrupt intent. In such contingencies the trial judge may withhold the issue of

technical guilt from the jury, as was done in this case, or even disregard their findings against the official, and render judgment denying removal. State v. Alcorn, 78 Tex. 387, 14 S. W. 663; Cornutt v. State (Tex. Civ. App.) 55 S.W.(2d) 160. The power to find facts is reposed in the jury, it is true; but the power to remove, in response to such findings, rests within the discretion of the judge, and the record in this case does not show an abuse of that discretion.

In his brief relator groups his seventh and ninth propositions, as follows:

"Seventh Proposition: Where the undisputed evidence shows that relatives of one who is a public officer have been employed, with the consent of the other defendants, who are likewise public officers, such testimony establishes a violation of the nepotism statutes; and the Commissioners' Court of Dimmit County, acting conjunctively, approving such employment and the payment therefor, shows a conspiracy to violate the law; and such issue should be submitted to the jury for its consideration and not ignored by the trial court.

"Ninth Proposition: A court of record, such as the Commissioners' Court, having audited accounts and ordered them paid, cannot be permitted, approximately twelve months thereafter, to enter a resolution which, in effect, undertakes to correct previous minutes, contradicting the terms of its original order, such declaration being self-serving and being, in effect, an effort to completely annul its former action."

The seventh proposition is without merit, first, because it does not appear that relator's second amended petition, upon which the case was tried, contained any sufficiently specific charge of nepotism against appellees. Moreover, the evidence did not raise the issue of willful violation of the nepotism statute by appellees.

It is obvious that relator's ninth proposition presents no fact which, if proven, would warrant removal of appellees from office. It appears from the record that in certain important litigation to which the county was a party the county judge, at the instance of the commissioners' court, expended much of his own time and money in protecting the county's interest; that he was paid $125 from the county treasury upon an order showing this item to be for attorney's fees, whereas, in truth and in fact, the amount was paid the judge by way of reimbursing him for actual expenses paid by him out of his personal funds in connection with said litigation.

When the erroneous recitation was called to the attention of the commissioners' court, that court had an order entered upon the minutes showing the true facts. It is this order of which relator complains in his ninth proposition. Obviously, the proposition has no force in an appeal from an order denying relator's action to remove appellees from office.

█ Relator's remaining propositions are not followed by appropriate statements, and therefore must be regarded as waived.

The whole record shows the appeal to be without merit, and the judgment is affirmed.