## ASSOCIATED INDEMNITY CORPORATION v. BAKER et al.
### No. 4289.

Court of Civil Appeals of Texas. Amarillo.
Oct. 1, 1934.

Rehearing Denied Nov. 19, 1934.

Wil R. Saunders, of Amarillo (E. F. Ritchey, of Miami, of counsel), for appellant.

Underwood, Johnson, Dooley & Huff, of Amarillo, and Frank R. Murray, of Panhandle, for appellees.

HALL, Chief Justice.

This is a workmen's compensation suit which was originally filed in Wheeler county and by agreement of counsel the venue was changed to Carson county.

The substance of the plaintiffs' allegations is: That on or about March 22, 1932, J. P. Baker, the husband of appellee Mrs. Annie Baker, and father of their children Agatha, Ann, William, Pauline, and Carl, who were all dependents of said J. P. Baker, were the only parties entitled to recover under the act (Vernon's Ann. Civ. St. arts. 8306–8309). That on said last-named date and prior thereto, J. P. Baker was an employee of the Panhandle Power & Light Company, a corporation. That on said date, near Mobeetie, in Wheeler county, while in the course of his employment as oiler and general utility man and while engaged with other workmen in cleaning and blowing out the tubes of a steam condenser at its power plant, the said Baker, with his coemployees, were engaged in removing the covering from the condenser and blow-out by means of compressed air, he was injured as a result of having scale, shale, or sediment which had formed in the condenser blown into his face. That the tubes of the condenser were made of copper, brass, or some other alloy. That sulphuric acid and other chemicals were mixed with water before the same were passed through the condenser, and that when such mixture was forced through the condenser, poisonous gas and fumes were formed. That the said Baker breathed and inhaled such gas and fumes through his nose and mouth and absorbed them through the pores of his skin and, as a result thereof, he became violently and seriously ill to the extent that huge blisters and sores appeared around his mouth and nostrils and he was burned so that his skin peeled off of his hands and face and the poison fumes and gases attacked the membranes, tissues, and fibers of his mouth and throat, rendering them sore and raw. That he became weak and was forced to quit work and confined to his bed for several days. That thereafter he returned to work and the performance of his regular duties as an employee, and suddenly died on April 7, 1932. That his death was caused by the inhalation and absorption of such poisonous gases.

The petition contains the other necessary allegation and no question is made as to its sufficiency.

The appellant corporation answered, pleading first to the jurisdiction of the district court, alleging that while the accident board had jurisdiction of this cause, it made and entered a final ruling and decision on October 14, 1932. That on October 20th it made and entered another final ruling, and thereafter on November 17th entered still a third final ruling and decision. That all of said rulings were final in their nature, from which either party had the right of appeal to a court of competent jurisdiction. That the only notice of appeal was given by the appellees to said board on November 28, 1932, which did not designate the decision or award from which the appeal was to be prosecuted.

The court overruled the plea to the jurisdiction, and the appellant answered further by general demurrer, special exceptions, and general denial and set up the facts previously pleaded in its plea to the jurisdiction in bar of the appellees' right to recover. It denied that his death resulted from any injuries received on March 22, 1932, and alleged that his death was caused solely by angina pectoris or chronic myocarditis, neither of which diseases were in anywise connected with or grew out of his employment with the Panhandle Power & Light Company. In the alternative it alleged that Baker died as the result of having inhaled poisonous gases or fumes, that such gases or fumes were incidental to his employment and his death was due to industrial or occupational disease and not to an accidental injury.

The case was tried to a jury, the special issues were answered in favor of appellees, and the court entered judgment against the appellant corporation awarding compensation at the rate of $18.57 per week for a period of 360 weeks, and further decreed that the same be paid in a lump sum, together with interest, and that one-third of the recovery be paid to appellees' attorneys.

The first contention to be considered is that there is no testimony showing that the appellant corporation had ever issued a policy of insurance which covered the employment of Baker.

The propositions urging this point are not supported by the record.

Several letters written by Howerton, secretary of the board, and Earle Adams, its chairman, were introduced in evidence, in which the Associated Indemnity Corporation was plainly named as insurance carrier. A motion filed by the appellant company to have the first award reviewed, together with notice that the employer had become a subscriber with the appellant company, also appear in the statement of facts.

M. J. Moberly, an insurance adjuster, testified that after the accident and after claim had been made by Mrs. Baker against the Associated Indemnity Corporation, he went to Wheeler county and made an investigation of the case in behalf of the corporation. He testified at great length as to the extent of his investigation and, on cross-examination, he stated that he commenced the investigation in behalf of the company in July.

It was said in Barron v. Texas Employers' Insurance Association (Tex. Com. App.) 36 S.W.(2d) 464, that very slight evidence would be held to be sufficient to establish the fact that the defendant had issued a policy of insurance, since it was in a position to show conclusively by its records whether such policy had in fact been issued. That its failure to offer evidence upon the issue might be considered as strongly corroborative of the fact that such policy had been issued.

Article 8307, § 5 (Rev. St. 1925), as amended by the 42d Legislature (1931), c. 224, § 1 (Vernon's Ann. Civ. St. art. 8307, § 5), provides that the Industrial Accident Board shall furnish any interested party with a certified copy of the notice that the employer has become a subscriber and further provides that such certified copy shall be admissible in evidence upon the trial and shall be prima facie proof of all facts stated in such notice in the trial of said case "unless same is denied under oath by the opposing party therein." The appellees insist that because there was no denial under oath that appellant had issued the policy, there is a presumption that it had been issued by appellant. There was no sworn pleading and it is possible that this contention is correct. However, under the rule that the court or jury may infer the existence of one fact from the proof of another related fact, we think the evidence is sufficient to establish that the defendant had issued a policy. There is no controverting testimony of any kind upon this question and the rule is established that it is the duty of the trial court to assume the existence of undisputed facts when framing his charge or special issues. Speer's Law of Special Issues, § 195.

Because the statement in the notice that the Panhandle Power & Light Company had become a subscriber under a policy issued by the Associated Indemnity Corporation is not contradicted anywhere in the record, the court could assume that fact and it was not necessary for an issue to be submitted or to have the jury find relative thereto. We overrule these contentions. Garrett v. State (Tex. Civ. App.) 51 S.W.(2d) 822; Sanitary Appliance Co. v. French (Tex. Civ. App.) 58 S.W. (2d) 159; Citizens' National Bank v. Adams (Tex. Civ. App.) 67 S.W.(2d) 421.

The court submitted to the jury the following issue:

"Do you find from the preponderance of the evidence that the deceased J. P. Baker sustained any personal injuries on or about the 22nd day of March, 1932?"

This is followed by definitions of injury and personal injury.

The appellant excepted upon the ground that there was neither pleading nor evidence

to support the submission of such issue and requested the following special issue:

"Do you find from the preponderance of the evidence that J. P. Baker sustained personal injuries as alleged in plaintiffs' petition on or about March 22, 1932?"

■ The rule has been frequently stated that special issues in cases of this character should refer only to the injuries set out in the plaintiff's petition. While the court erred in submitting the issue in its general form, the error is harmless. The appellant denied that the death of Baker resulted from inhaling and absorbing poisonous fumes and gases on March 22d and alleged that his death was caused (a) by an occupational or industrial disease; (b) by angina pectoris; or (c) chronic myocarditis.

There is no testimony in the record that would authorize the court to submit the issue of occupational or industrial diseases as the cause of Baker's death. The court did submit in separate issues whether Baker died as the result of angina pectoris or of chronic myocarditis. The jury answered both issues in the negative. It thus appears that the special defenses which had any evidence to support them were properly submitted to the jury and found against the appellant and because of the want of evidence to sustain the defense of occupational disease, the court correctly refused to submit an issue with reference thereto. The diseases which appellant claims caused the death of Baker are in no sense injuries, and, since the issue as submitted by the court was limited to injuries on March 22d, the jury could not have been misled. The diseases were chronic in their nature and the date of their inception was not shown.

■ Complaint is made of the refusal of the court to submit the following special issue requested by the appellant:

"Do you find from the preponderance of the evidence that the death of the said J. P. Bakker on or about April 17, 1932, was caused solely by a disease?".

The court did not err in refusing this request. Appellant insisted that Baker died as the result of one or more of three diseases and the issue as requested is subject to the same objection which appellant urged to the issue just discussed. It was too general. As stated, the court did submit by separate issues whether Baker's death was caused by angina pectoris or chronic myocarditis. We think this a sufficient submission.

■ An occupational disease is defined by the Commission of Appeals to be one acquired in the usual and ordinary course of an employment which from common experience is recognized to be incidental thereto and is the usual and ordinary result incident to the pursuit of an occupation and must in the nature of things be the result of a slow and gradual development. Barron v. Texas Employers' Ins. Ass'n, supra. There is no testimony in the record that Baker died as the result of any such disease. Commercial Standard Ins. Co. v. Noack (Tex. Com. App.) 62 S.W.(2d) 72; Ætna Life Ins. Co. v. Graham (Tex. Com. App.) 284 S. W. 933, 934; Gordon v. Travelers' Ins. Co. (Tex. Civ. App.) 287 S. W. 911.

■ By its thirteenth proposition the appellant insists that the court erred in not defining the term "occupational disease." The court is not required to define legal terms not used in the charge.

■ It is next contended that the court erred in not submitting appellant's issue to the jury inquiring whether the injuries received by Baker on or about March 22d were the result of an accident.

This was not error. It was shown that the injuries received on that day were the result of inhaling poisonous fumes and gases from the condenser. It was further shown that no other employee in the performance of the same duty had suffered any injury prior to that time. A finding that his injuries were the result of inhaling the fumes is tantamount to a finding that they were the result of an accident. Barron v. Texas Employers' Ins. Ass'n (Tex. Com. App.) 36 S.W.(2d) 464; Travelers' Ins. Co. v. Smith (Tex. Civ. App.) 266 S. W. 574. It follows that the court did not err in defining "accident."

■ By its sixteenth and seventeenth propositions the appellant corporation attacks the jurisdiction of the trial court and of this court because notice of appeal from the action of the board in making the award was not given in time.

Appellant states that the board entered a final ruling and decision in the cause on October 14, 1932, and thereafter on the 20th of October made another final ruling and decision, and still later, on November 17th, entered a third final ruling and decision. This statement is not supported by the record. The record discloses that on October 14th the board denied the claim of Mrs. R. H. Baker, the mother of the deceased, for compensation and rendered its judgment award-

ing Mrs. Annie Baker, the wife, $9.35 per week for 360 consecutive weeks and $9.34 per week for the same time to each of the five minor children. Thereafter, on the 20th day of October, as shown by the order, the board, of its own motion, reviewed the award previously made on October 14th and its order then made recites: "That mistake and error was committed in said award in the particular that all interested parties were not given notice of setting and hearing on said claim and therefore deprived of the privilege of presenting evidence on the occasion of the hearing of said claim. Therefore said award of October 14, 1932, is cancelled, set aside and held of no binding force or effect and it is so ordered, adjudged and decreed by the Board." The record further discloses that thereafter, on the 17th day of November after due notice to all the parties and a hearing, the board entered its final judgment which recites, in part, that Mrs. Baker and her children having failed to sustain the burden imposed upon them by law to establish by proof that J. P. Baker, deceased, suffered injury in the course of his employment in the capacity of employee resulting in his death and compensation was denied all of the claimants. From this order, an appeal was taken within the statutory period.

The award of October 14th was null and void. As said in 21 R. C. L. 1262, § 3:

"It is a principle that lies at the foundation of all jurisprudence in civilized countries that a person must have an opportunity of being heard before a court can deprive him of his rights. Any other doctrine would be antagonistic to our form of government, and to the provisions of our constitution. No court, in the ordinary administration of justice, in common law proceedings, can exercise jurisdiction over a person unless he shall voluntarily appear, or is found within the jurisdiction of the court, so as to be served with process. Therefore, in order to authorize a court to determine the adverse claims of parties touching their rights in things, judicial process is indispensable. Until notice is given, the court has no jurisdiction in any case to proceed to judgment, whatever its authority may be, by the law of its organization, over the subject matter. Judgment without notice wants all the attributes of a judicial determination; it is judicial usurpation and oppression, and can never be upheld where justice is justly administered."

See, also, 33 C. J. 1079; Moran O. & G. Co. v. Anderson (Tex. Civ. App.) 223 S. W. 1031; Davenport v. Rutledge (Tex. Civ. App.) 187 S. W. 988; Nesom v. City National Bank (Tex. Civ. App.) 174 S. W. 715.

Having made an award without due notice as the law required, it was the duty of the board to set the same aside. This it could do without notice to either party, since its former action was a nullity. Neither of these judgments is final in any sense. The only final judgment was rendered on November 17, 1932, denying the compensation, and the appeal was prosecuted within the time required from that order. These contentions are therefore overruled.

By the eighteenth proposition, the appellant insists that the court erred in awarding the claimants interest when in their first amended original petition upon which the case was tried there was no prayer for interest.

In cases of this character where the claimant does not specifically pray for interest, no interest should be allowed from the date of the injury to the judgment upon a lump sum awarded. Bankers Lloyds v. Pollard (Tex. Civ. App.) 40 S.W.(2d) 859. This is error but does not require reversal.

The court submitted the following special issue with reference to the right of the claimants to recover a lump sum:

"Is this a special case wherein in your judgment manifest hardship and injustice would otherwise result to the plaintiffs if the defendant failed to redeem its liability, if any, by payment of a lump sum?"

The objection to this issue was that it was duplicitous and multifarious. This is not such a specific objection as the statute requires. No issue was made either in the pleadings or evidence between the plaintiffs. The action being one instituted by a widow and her minor children to recover compensation in a statutory proceeding, the presumption is that their interests are identical and what would be to the benefit of one would benefit the others. Where there is no adversity of interest between the parties under the pleadings and evidence, then there is no issue to be submitted as between them. There was no testimony tending to show that either the widow or any of the children possessed any property which would in any degree specially affect the right of such claimant to recover a lump sum together with the others. Where there is no pleading and no evidence raising an issue, the court is not warranted in submitting it. In the absence of any such evidence, the jury could return but one answer and that in the affirmative as

to all the plaintiffs. The burden rested upon the plaintiffs to prove that manifest hardship and injustice would result, not only to one but all of them, and under the issue as submitted, it placed the burden upon plaintiffs, of which they alone can be heard to complain. Bankers Lloyds v. Pollard, supra. Moreover, the judgment was rendered against the appellant for only the present value of the future payments due to plaintiffs, as found by the verdict of the jury. In other words, it was discounted according to the rate prescribed by the Workmen's Compensation Act and it is apparent that appellant is not injured when required to pay only the present value of future installments when discounted according to the statutory rules. This proposition is without merit.

By its twentieth proposition the appellant insists that the court erred in refusing to direct a verdict in its favor because there was no testimony tending to show that the deceased was injured by the inhalation of gases or fumes caused by the acid coming out of the condenser tubes, except the testimony of Mrs. Baker that "he said he was tired. He hurried off to bed and said 'that acid like to have got me this afternoon' and he went to go to bed, he hurried to go to bed because he was tired, he said he was awfully tired."

The twenty-first proposition is predicated upon the admission of this testimony over the appellant's objection that it was self-serving and hearsay and not a part of the res gestæ, not responsive, and was leading and suggestive.

Reference to the record shows that appellant only objected to that part of Mrs. Baker's testimony when she had previously stated that her husband said he was tired. The record shows that he quit work about 5 o'clock, that he would usually work until 5:30 in the afternoon, but she first saw him when he reached home at 5:45; that immediately after he got into the house he complained of the acid in his nostrils and throat and then after he washed, which would have been about 6 o'clock, he complained of his face burning. She had previously testified that he had dust from the scales on his clothes; that when he came in supper was usually ready and she supposed he made the statement about having breathed the fumes and getting acid on him five minutes after he got into the house. That the first complaint he made was of a burning sensation in his nose, throat, on his lips, and in his chest, and the next was a burning on his face and hands. The record is not very clear as to the exact time when he made the statement about being tired. Just before she testified with reference to the acid, she said that he said he "felt bad." We now quote from the record:

"Q. What, if anything, did he say with reference to being tired? A. He said he was.

"Mr. Saunders: Same objection and the additional objection that it is leading and suggestive.

"The Court: Overruled.

"Mr. Saunders: Note our exception.

"A. He said he was tired. He hurried off to bed and he said that 'acid like to have got me this afternoon' and he went to go to bed, he hurried to go to bed because he was tired. He said he was awfully tired.

"Q. Did you sleep with him that night? A. I did.

"Mr. Saunders: May it be understood that our objection goes to all that line of testimony.

"The Court: I don't know what she is going to testify to. I won't agree that you can have an objection to anything she says.

"Q. Did you sleep with him that night? A. I did.

"Q. Do you know whether he slept soundly and regularly that night? A. He did not.

"Q. What was the condition of his sleep? A. It was restless and he was chilly and he said he ached in every bone.

"Mr. Saunders: We object to that as being immaterial and irrelevant and not a part of the res gestæ and self-serving."

■ It appears from the foregoing quoted from the statement of facts that no objection was made to that part of the testimony of Mrs. Baker where she stated that Baker said: "That acid like to have got me this afternoon." The court did not rule on it and, of course, no exception was reserved as to that part of her testimony. Exceptions taken to the admission of evidence must be specific and show clearly what was excepted to. Cheek v. Herndon, 82 Tex. 146, 17 S. W. 763; McAuley v. Harris, 71 Tex. 631, 9 S. W. 679.

■ As we understand the record, Baker went to bed about 8:30. That he made this statement just before going to bed. It appears from the cross-examination of this witness and others that the appellant was endeavoring to show and probably did show that he made no complaint until after he reached home, which was less than an hour after he quit work. This being true, the testimony would be admissible in rebuttal with-

out regard to the res gestæ rule. Hines v. Blackman (Tex. Civ. App.) 226 S. W. 142; Hines v. Blackmon (Tex. Com. App.) 239 S. W. 908; Missouri K. & T. Ry. Co. v. Hawk, 30 Tex. Civ. App. 142, 69 S. W. 1037; Martin v. St. Louis & S. W. Ry. Co. (Tex. Civ. App.) 56 S. W. 1011; St. Louis S. W. Ry. Co. v. Martin, 26 Tex. Civ. App. 231, 63 S. W. 1089; Fox v. H. & T. C. Ry. Co. (Tex. Civ. App.) 186 S. W. 852, 853; Houston, etc., Co. v. Fox, 106 Tex. 317, 166 S. W. 693.

■Appellant has grouped its twenty-second to twenty-seventh propositions, inclusive, and endeavored to brief the same under one statement. The matters complained of in the various propositions have been improperly grouped. They all relate to the testimony of Mrs. Annie Baker, the wife of the deceased. Part of the propositions relate to declarations made by the deceased within an hour or two after he was injured and returned from his place of work to his home and the admissibility of these statements is to some extent dependent upon the doctrine of res gestæ. Other propositions are based upon statements made by Mrs. Baker herself and the admissibility of such testimony is governed by altogether a different rule of evidence. The propositions themselves do not correctly reflect the record. For instance, the first proposition asserts that the uncontradicted testimony showed that Baker ceased work about 4:30 p. m. on March 22d. The record shows that the work stopped at the plant about 5 o'clock. That he remained with his coemployees until about 5:30. The proposition asserts that he did not arrive home until about 6 o'clock. Mrs. Baker testified more than once that he arrived at 5:45. We find no testimony that it took him thirty minutes to eat his supper. She said she usually had supper prepared when he got home from work. The twenty-second proposition complains of the admission of her testimony as follows: "He said he was tired * * * he went to go to bed. He hurried to go to bed because he was tired and he said he was awfully tired." According to her testimony, he made this statement immediately after washing his face and hands. She said that he was dirty when he came in and the first thing he did was to wash. The rules require briefs to correctly state the record. The court should not be required to compare statements in the briefs with the record for the purpose of ascertaining whether the facts are correctly stated. If the proposition stated the facts correctly, the issue of the admissibility of this testimony under the res gestæ rule might be presented

for consideration, but as we understand the record, there is no such question presented.

■The next exception is that the court erred in permitting Mrs. Baker, in response to a question from her counsel, to say that the deceased on the morning of March 23, 1932, said he did not sleep soundly and regularly on the night of March 22, 1932, but that his sleep was fitful. We are referred to a page of the statement of facts, but find no such statement on that page, nor elsewhere in the record. The deceased did not make any such statement that we are able to find. She testified that he did not sleep soundly and that his sleep was fitful, but no exception was taken to the statement from her and its admissibility is not presented by the brief. In another proposition it is asserted that the court erred in permitting Mrs. Baker to testify that on the morning of March 23d, the day after the alleged injury, Baker stated as to how he felt and that he did not know whether he would be able to work on that day. The reference in the brief is to statement of facts, pages 67–71. We find no such statement on the pages referred to nor elsewhere. The court is not required to consider questions and matters alleged to be errors that are not sustained by the records filed in this court.

■By another proposition it is asserted that the court erred in permitting Mrs. Baker to testify to a statement made by her husband when he returned home about 10 o'clock on the morning of March 23d, as follows: "I saw him at home. He came home, said he could not make a go of it, said he was sick." The record shows that upon objection the court excluded all of the statement except, "said he was sick," and yet the brief asserts that the court admitted the whole statement.

■Again error is predicated upon the action of the court in permitting Mrs. Baker to testify that her husband stated that he had a splitting headache and was nauseated and felt badly all over. The brief does not show when this statement was made, but later she testified to the same facts without any objection and the error, if any, has been waived.

■The last bill recites that Mrs. Baker testified, over appellant's objection, that the deceased stated to her at the time that he was sick, he was so weak that he could not do anything, he was weak and exhausted, but the time when the statement was made is not set out in the brief. If made within a reasonable time after the injury, it was admissible as res gestæ. If made later, it was never-

theless admissible as an expression of his bodily condition.

Because these propositions are improperly grouped and do not correctly reflect the record, they are not entitled to consideration. The objections made are not set out in the brief and, as shown, at least one of the objections was sustained, but if they could be considered, the testimony which is not admissible under the res gestæ rule would be admissible under the doctrine which permits expressions of pain and suffering to be considered, even though made long after the injury.

As said in Security Union Casualty Co. v. Frederick (Tex. Civ. App.) 295 S. W. 301, 304:

"To be admitted, the expressions of pain need not be res gestæ of the original injury; but it is sufficient if they be of existing pain and bodily suffering—that is, an expression of present suffering from the injury which the party makes the basis of his cause of action. Ry. Co. v. Zwiener (Tex. Civ. App.) 38 S. W. 375; Ry. v. Norvell (Tex. Civ. App.) 115 S. W. 861; Railway v. Bell, 24 Tex. Civ. App. 579, 58 S. W. 614; Railway v. Coffman (Tex. Civ. App.) 160 S. W. 145; Texas Traction Co. v. Morrow (Tex. Civ. App.) 145 S. W. 1069; Lumbermen's Reciprocal Ass'n v. Adcock (Tex. Civ. App.) 244 S. W. 645."

Dr. R. D. Gist and Dr. F. A. Zigler testified, over the appellant's objection, as to the chemical reaction of sulphuric acid when water came in contact with the condenser tubes. By referring to the record, we find the objection is that they were not qualified as chemists, but testified as experts. These propositions are without merit. They showed their qualification as physicians and their testimony shows them to have been familiar with the matter under consideration. It is common knowledge that a doctor is to a greater or less extent a chemist and their testimony shows that they were both well qualified to testify as to the effect of sulphuric acid on copper and other metals.

The thirty-sixth and thirty-seventh propositions are grouped, but there is no statement as required by the rules following them, further than there was a conversation between Dr. Walker and the deceased when Dr. Walker attended him in his last illness. The general rule is that declarations made by an injured party to his physician are admissible.

The only remaining contentions to be disposed of are presented by appellant's twenty-eighth to thirty-third propositions in-

clusive. The only statement under these propositions is that as a defense to appellees' cause of action, appellant specially denied that the deceased had inhaled any poisonous gases or fumes while in the course of his employment with the Panhandle Power & Light Company, and requested and the court refused to submit six special issues, (19) inquiring whether the condenser which Baker was engaged in cleaning out on March 22d contained any gas; (20) do you find from a preponderance of the evidence that the gas, if any, was poisonous, and (21) do you find from a preponderance of the evidence that Baker breathed and inhaled such gas. The same issues in which the word "fumes" was substituted for gas were also requested. There is no statement except as above set out in connection with these six issues, and, as argument in support of the contentions, appellant refers us to the argument made under propositions eight to eleven, inclusive, twelve, and thirty-eight to forty-three, inclusive.

The court is not required to submit issues upon which the testimony is not conflicting and we are not referred to any evidence which even tends to show that the condenser contained no gas, that it was not poisonous and was not inhaled by the deceased. The statement of facts contained more than 500 pages and there is no reference under these propositions to any page of the statement of facts showing that the issue was controverted.

As was said by Martin, Justice, in Threadgill v. Fagan (Tex. Civ. App.) 64 S.W.(2d) 405, 406:

"To properly pass on these it is necessary to search out a cumbersome record for matters which might support them. Appellants' briefs on file here do not contain a single reference to * * * the * * * statement of facts by page number. * * * It is a difficult task at best for an appellate court to get from the printed pages of a record such a picture of the entire proceedings in the trial court as will enable it to intelligently pass on the legal controversies involved. Its task is greatly increased, as well as the chances of an erroneous holding, by a failure of litigants to support their respective contentions by appropriate references to the record."

He further holds that R. S. art. 1757, as amended by Acts 1931, c. 45, § 1 (Vernon's Ann. Civ. St. art. 1757), was not intended to entirely abrogate the long-established rule requiring a specific statement and cites Bustamente v. Haynes (Tex. Civ. App.) 55 S.W.

162

(2d) 137; Bradley v. Jones (Tex. Civ. App.) 38 S.W.(2d) 877; Harper v. Allen (Tex. Civ. App.) 38 S.W.(2d) 146. See, also, McMath Co. v. Staten (Tex. Civ. App.) 60 S.W.(2d) 290; National L. & Acc. Ins. Co. v. Casillas (Tex. Civ. App.) 63 S.W.(2d) 396; St. Paul M. I. Co. v. Mullins (Tex. Civ. App.) 73 S.W.(2d) 932; Towery v. Plainview Bldg. & Loan Ass'n (Tex. Civ. App.) 72 S.W.(2d) 948; Davenport v. Taylor County T. Ass'n (Tex. Civ. App.) 72 S.W.(2d) 407; Grand Lodge, Colored K. of P. v. Rhodes (Tex. Civ. App.) 72 S.W. (2d) 1106; Crawford v. Ramsey (Tex. Civ. App.) 73 S.W.(2d) 1064; State ex rel. Hale v. O'Meara (Tex. Civ. App.) 74 S.W.(2d) 146; Tallabas v. Wing Chong (Tex. Civ. App.) 72 S.W.(2d) 636.

In so far as the judgment allows a recovery of interest, it is reversed and rendered and in all other respects it is affirmed.