**USELTON v. SOUTHERN UNDER-WRITERS.**

**No. 12758.**

Court of Civil Appeals of Texas. Dallas.
July 8, 1939.

Rehearing Denied Oct. 14, 1939.

Johnson & Oliphant, of Dallas, for appellant.

Simpson, Dorenfield & Fullingim, of Amarillo, and Benbow, Saunders & Holliday and Charles Crenshaw, all of Dallas, for appellee.

BOND, Chief Justice.

W. T. Uselton instituted this suit in a district court of Dallas County against The Southern Underwriters, to recover compensation for injuries sustained while employed by Cramer & Company. Appellant's petition alleged all necessary elements for recovery, under the Texas Workmen's Compensation Act, Articles 8306, et seq., R.S.1925, and amendments thereto, Vernon's Ann.Civ.St. art. 8306 et seq., for total and permanent disability.

The case was submitted to a jury upon special issues, and, upon the jury's verdict, judgment was entered for Uselton in the sum of $17.30. The judgment finds support in pleadings and evidence and clearly reflects the findings of the jury. Plaintiff appealed, predicating assignments upon argument by defendant's counsel and misconduct of the jury. We think neither presents reversible error.

Upon the trial of the case, a Dr. McIvor testified that, on July 10, 1937, he examined appellant for the Industrial Accident Board and, at that time, found no evidence of injury such as would prevent appellant from performing the usual tasks of a workman, and reported such findings to the Board. This testimony was in sharp conflict with other testimony in the record. The jury's verdict sustained appellant's contention on the issue. In argument before the jury, without objection, counsel for defendant employed this language,

which forms the basis for appellant's first contention: "Dr. McIvor was employed by the State of Texas when this was before the Industrial Accident Board to tell that Board the condition he found this man in, in order to let that Board know how much to award; and from their award this appeal was taken to this court by this gentleman. He was dissatisfied with the award they made, and the appeal is here."

█ It is a settled rule of law that proceedings before the Industrial Accident Board, its award, and claimant's dissatisfaction therewith and appeal therefrom, have no legitimate place in evidence before a jury, or in argument of counsel upon issues presented to the jury on appeal from said award. Art. 8307, Sec. 5, R.S. 1925, Vernon's Ann.Civ.St. art. 8307, § 5, provides: "Any interested party who is not willing and does not consent to abide by the final ruling and decision of said Board * * * [may] bring suit to set aside said final ruling * * * and the court shall in either event determine the issues in such cause instead of the Board upon trial de novo and the burden of proof shall be upon the party claiming compensation." The necessity for the rule is obvious. The proceeding before the Board, from which an appeal has been prosecuted by appellant, would tend to influence the jury to find in accordance with the award of the Board and prejudice the trial de novo. Such proceedings of the Industrial Accident Board are to be considered only by the judge trying the case, determinative of the question of jurisdiction of the court. Fidelity Union Casualty Co. v. Cary, Tex. Com.App., 25 S.W.2d 302.

█ The remarks of counsel under review were improperly made and calculated to cause the jury to believe that the Board had found in accordance with the testimony of Dr. McIvor, that appellant's injuries were superficial, not enough to prevent appellant from performing the usual tasks of a workman, resulting in his appeal from the award. However, the verdict of the jury does not reflect such calculated result. The record clearly shows that no injury resulted from the improper argument. The jury found that, on account of the injuries sustained, appellant was totally disabled to work for a period of two weeks and partially incapacitated for fifty weeks. Thus it will be seen that the jury sustained appellant's contention as against Dr. McIvor's testimony, in line

with the testimony of plaintiff's witnesses as to the extent of his physical condition. Wherein the verdict failed, is in attempting to allow compensation for the period of disability as found by the jury, and the finding that plaintiff's injuries did not lessen his average weekly wage-earning capacity during the fifty weeks of partial incapacity. Sad as it may be, as to this finding, plaintiff urges no point of error. The judgment is based solely upon the jury's finding of two weeks total disability, which, we think, is a correct deduction.

Furthermore, the record shows that, in presenting the case for trial, appellant's counsel read to and in the hearing of the jury plaintiff's petition, reading: " * * * that within six months from the date of said injury, plaintiff made claim to the Industrial Accident Board, in conformity with the facts and circumstances hereinabove set out, the said claim was duly docketed before the Board as No. W-12441, W. T. Uselton, Employee vs Cramer and Company, Employer; The Southern Underwriters, Insurer, and, the said claim coming on for hearing in due order, the Industrial Accident Board made its final ruling and decision thereon on the 22nd day of July, 1937; that within twenty days from the date of said final ruling and decision, plaintiff gave notice to the Industrial Accident Board that he was not satisfied with the same, and would not abide thereby, and that now within twenty days from the giving of said notice, plaintiff brings this suit in the District Court of Dallas County, Texas, in which County the said injury occurred, to set aside the aforesaid final ruling and decision of the Industrial Accident Board and to recover of and from defendant herein, such compensation and other relief as the facts and the law may show him entitled to recover".

In a workman's compensation case, if plaintiff's counsel reads to the jury plaintiff's petition containing allegations referring to the proceedings before the Industrial Accident Board, his unwillingness to abide by the award of the Board, and appeal therefrom; and, if defendant's counsel, in arguing before the jury, makes remarks similar to those mentioned in the pleading, without objection, no prejudicial error has been committed. The reading of the petition to the jury disclosed that the Industrial Accident Board had made an award; that "plaintiff gave notice * *

he was not satisfied with same and would not abide thereby"; and that, "plaintiff brings this suit * * * to set aside the aforesaid final ruling and decision of the Industrial Accident Board". We cannot see how the remarks of defendant's counsel, under review, could possibly give to the jury any more information, or be any more prejudicial, if they were, than the pleadings which were read to the jury. Where both parties to the suit inform the jury of the proceedings before the Industrial Accident Board, and neither interposes objections thereto, no reversible error has been committed. Texas Employers' Ins. Ass'n v. Little, Tex.Civ.App., 96 S.W.2d 677.

The alleged misconduct of the jury is predicated upon the testimony of one juror, examined on hearing for new trial, both confirming and disproving that the verdict of the jury, in answering the several special issues submitted, was agreed upon to cause the entry of judgment for the sum of $500. George Lupton, the juror, testified that the jury considered the several issues as to total and partial disability and then determined that plaintiff had been totally disabled for two or three weeks and partially disabled for about a year, and that he calculated the allowable for the character and duration of plaintiff's injuries would amount to about $500; that the issues submitted were answered in the order designated in the court's charge, and the answers based upon testimony bearing on the respective issues; and, thereafter, he concluded that, on the verdict as a whole, plaintiff would recover about $500; that the sum of $500 was suggested in argument of defendant's counsel, the jurors accepted the suggestion and endeavored to give plaintiff in the neighborhood of the amount suggested; accordingly found that plaintiff had suffered two weeks total and fifty weeks partial disability, and then "We went down the line and answered each of these questions", basing their answers only on the evidence heard from the witnesses, and determined that plaintiff would be entitled to two weeks total and fifty weeks partial disability. The juror further testified:

"Q. You first decided that you wanted to give him $500 and then answered these two weeks? A. No, Sir.

" (Re-direct)

"Q. When you were doing these figures and getting this average and computing what it would be, you had not answered the question? A. I figured it out in the hall after we were dismissed. We did not figure it up in the jury room, but we figured that that amount—

"Q. Well, there was or there wasn't discussion of what was in there? A. I don't remember it being discussed as a total but I do remember it was a given amount for each week and the given length of time.

" (Cross examination).

"Q. You did not discuss this total amount until you were out here in the hall? A. No, I did not figure it up until I had gotten out of the jury room. Well, it might have been figured in the jury room but I figured it afterwards.

"Q. You figured it out in the hall after you had gotten out of the jury room? A. Yes."

Two other jurors, J. C. Hargrove and Hiram R. Williamson, by their testimony, definitely contradicted the theory of misconduct urged by appellant, and that which might be inferred from the testimony of Lupton.

██ If a jury agrees, in advance of considering and answering special issues, that such issues shall be answered in a manner to reflect a certain result, without considering the issues separately, and the answers are written in such manner as to effectuate such result, this is misconduct on the part of the jury. On the other hand, if a jury answers special issues submitted, forming the basis of the court's judgment, and then considers the effect of the answers, there is no culpable misconduct on the part of the jury.

██ The above statement of the evidence on the issue of misconduct of the jury clearly presents an issue of fact to be determined by the trial court. To make such issue a question of law, the testimony must not only be uncontradicted, but must be so conclusive that reasonable minds cannot differ as to its effect. Such determination by the trial court is just as binding upon this Court as is any other controverted issue of fact, determined either by a jury verdict or by the finding of the court. This court must accept such finding as a final disposition of such issue.

There are other assignments not believed to present reversible error and which we deem are not of such importance to call for discussion, hence, are overruled

without further comment. It necessarily follows, in our opinion, that the judgment of the trial court should be affirmed, and it is so ordered.

Affirmed.