TEXAS EMPLOYERS' INS. ASS'N v.
THAMES.

No. 15208.

Court of Civil Appeals of Texas.
Fort Worth.

Jan. 12, 1951.

Rehearing Denied Feb. 9, 1951.

Nelson, Montgomery & Robertson, Wichita Falls, for appellant.

Donald & Donald, Bowie, for appellee.

McDONALD, Chief Justice.

Appellee recovered judgment for workmen's compensation on a jury verdict of total permanent incapacity. Appellant, the insurer, presents four points of error.

The insurer contended that the injury was confined to the left hand. Appellee claimed general injuries to other parts of his body. Two doctors testified on behalf of the insurer that appellee had made no complaint to them, when they were treating him after the accident, of any general injuries. In rebuttal, appellee offered, and the court allowed him to introduce in evidence, a portion of his notice of injury and the claim he filed with the Industrial Acci-

dent Board, both of which referred to general injuries.

■ The courts have often held that the notice of injury and the claim filed with the Board may not be introduced in evidence as proof of the matters stated therein. The statements in said documents are hearsay. Uselton v. Southern Underwriters, Tex.Civ.App., 131 S.W.2d 1040, writ dis. j. c. But the notice of injury and the claim were admissible under the present circumstances, not as proof of any matters stated in them, but as proof of the fact that appellee was then claiming general injuries, in rebuttal of the evidence offered by the insurer to the effect that he was not claiming general injuries at the time he was receiving treatment from the insurer's physicians. The problem involved, and the rule applicable to it, is thus stated in McCormick and Ray, Texas Law of Evidence, section 387: "If one has remained silent, where if the situation had been as he alleges, it would have been natural and usual for him to speak, this circumstance may be proved against him as an admission. If such evidence of unnatural silence be given, of course controverting evidence may be given by the adversary, to the effect that he was not silent, and to do so he proves the purport of his declarations, not as evidence of the facts spoken, but as evidence that he did speak. Here again the hearsay exception for statements as to Bodily Condition need not be appealed to and hence the restrictions upon that exception do not apply."

■ For cases applying the rule, among others, see Hines v. Blackman, Tex.Civ. App., 226 S.W. 142, affirmed by Supreme Court, Id., Tex.Com.App., 239 S.W. 908; and Associated Ind. Corp. v. Baker, Tex. Civ.App., 76 S.W.2d 153, writ dis. Ordinarily a self-serving declaration is inadmissible, but under some circumstances it may be admissible where it is material whether or not a declaration was made, as where the mere fact that a declaration was or was not made would be a circumstance tending to throw light on the inquiry. 17 Tex.Jur. 536-7. Frequently testimony is admissible in rebuttal which would not have been admissible if offered in the first instance. 17 Tex.Jur. 373. In the present instance, it is plain that the insurer was seeking to prove by the two doctors the fact that appellee had made no complaint to them of general injuries, as a circumstance to show that he had suffered no general injuries. By way of rebuttal appellee had the right to show that he was complaining of general injuries at that time, by introducing in evidence the notice of injury and the claim filed with the Board which referred to general injuries. The insurer would have been entitled to an instruction limiting the evidence, but it did not ask for such an instruction.

In his pleadings and in his proof appellee sought to establish injuries to his entire nervous system, and to show that the nervous condition caused by his injuries contributed to his incapacity. The insurer offered proof that appellee's eighteen year old son had been charged with and convicted of crime, and that the troubles of the son had done more to cause appellee's nervous condition than had the injuries received in his employment. The trial court excluded such evidence. Appellee's contention is that evidence of the son's difficulties was irrelevant to any issue in the case, and could have served only to prejudice appellee in the eyes of the jury.

■ It is our belief that the evidence was admissible, and that its exclusion was reversible error. Appellee's claim of damage to his nervous system was a vital part of his case. We are unable to see why the insurer should be denied the right to show that his nervousness was brought about, in whole or in part, by something other than the accidental injuries received in his employment. Commercial Standard Ins. Co. v. Robinson, 137 Tex. 184, 151 S.W.2d 795, appears to be in point. There it was held to be error not to permit the insurer's medical witness to testify that in his opinion the claimant's condition was caused largely by worry over his lawsuit, and that when it was finally disposed of his condition would be materially benefitted.

The third point of error concerns a matter of procedure which may not arise on another trial, so, in view of the fact that the judgment is being reversed for other reasons, the question presented does not require decision.

 The extent and duration of disability were contested, and the evidence concerning both was in such conflict as to require appropriate issues to be submitted to the jury. The insurer objected to the charge on the ground that it did not contain an inquiry as to the beginning date of total incapacity. The insurer did not tender to the court a prepared special issue making such inquiry. The burden was upon the compensation claimant to establish extent and duration of incapacity, which would necessarily include the beginning and ending dates of same, or at least the beginning date of permanent incapacity. Issues submitted to the jury concerning extent and duration of incapacity, including inquiries as to beginning and ending dates, were the claimant's issues, on which he relied for jury findings essential to a recovery. Under Rule 279, Texas Rules of Civil Procedure, an objection to the charge is sufficient to point out a failure of the charge to contain an issue on which the opposite party relies, and the objection need not be accompanied by a tender of an issue in proper form. If the issues which the court submitted in the present case had not been objected to on the ground stated, they would have been sufficient to support a judgment, because the findings of total and permanent incapacity could properly have been treated as being to the effect that such incapacity was continuous from the time of the accident. But if there was a dispute in the evidence about it, and if the insurer made proper objection to the charge, we think it was the right of the insurer to call for a finding as to the beginning date of the incapacity. Appellee contends that the evidence showed without dispute that appellee was totally incapacitated continuously from the time of the accident, but our interpretation of the evidence is otherwise. It is true, as pointed out by appellee, that the insurer paid compensation for 34 weeks ending October 21, 1949, but, even if it should be conceded that this fact established total incapacity during such period as a matter of law, a question we do not decide, there was a period of 32 weeks between the latter date and the time of trial, during which compensation was not paid.

The judgment of the trial court is reversed and the cause is remanded for another trial.