# THE SOUTHERN UNDERWRITERS V. C. F. WHEELER.

No. 7344. Decided January 11, 1939.
Rehearing overruled February 1, 1939.
(123 S. W., 2d Series, 340.)

*T. R. Boone* and *Kearby Peery,* both of Wichita Falls, for plaintiff in error.

In a workmen's compensation suit where the pleading and the evidence represented both the issue of permanent partial disability and temporary partial disability, it was error for the court to instruct the jury that if they answered an issue to the effect that the partial disability is permanent that they need not answer the issue as to how long the partial disability will exist. Traders & Gen. Ins. Co. v. Forrest, 78 S. W. (2d) 987; Traders & Gen. Ins. Co. v. Shanks, 83 S. W. (2d) 781.

*J. B. Cotten,* of Crane, *J. Earl Kuntz* and *McDonald & Anderson,* of Wichita Falls, for defendant in error.

Where the issues of permanent and temporary partial disability are raised, it is not error for the court to instruct the jury that if they have answered the preceding issue yes, referring to whether such partial disability, if any, is permanent, then they need not answer the next issue as to how long the partial disability will exist. Maryland Casualty Co. v. Swanson, 91 S. W. (2d) 843; Casualty Reciprocal Exchange v. Stephens, 45 S. W. (2d) 143.

MR. JUDGE TAYLOR delivered the opinion of the Commission of Appeals, Section B.

This is a workmen's compensation case in which C. F. Wheeler, the claimant, defendant in error here, sued Southern Underwriters, the insurer, plaintiff in error, to set aside an award of the Industrial Accident Board and for compensation as an employee of Lee L. Wheeler. Judgment in the trial court was in favor of the claimant and was affirmed by the Court of Civil Appeals. 108 S. W. (2d) 846.

The case is before us upon application of the insurer. At the time of granting the writ it was ordered that the cause be heard upon submission with Traders & General Insurance Company v. Wright, 95 S. W. (2d) 753 and Texas Employers Insurance Association v. McNorton, 92 S. W. (2d) 562, both involving trial questions with respect to the manner of sub-

mitting the secondary issues relating to partial incapacity. In the Wright case in which a decision was handed down on January 4th this year it was held for the reasons therein stated that the trial court erred in submitting the issue of partial incapacity conditionally. 132 Texas 172, 123 S. W. (2d) 314, 6 TSCR 24. It was further held that the manner of submitting the secondary issues of temporary total and temporary partial incapacity submitted by the trial court in the same conditional fashion as was the primary issue, was controlled by the priciples applicable in submitting that issue.

■ In the present case the primary issue inquiring whether partial disability resulted after total disability had ceased, was correctly submitted unconditionally; but the secondary issues, inquiring respectively whether the partial disability, if any, resulting after total disability had ceased, was permanent, or was temporary, were submitted conditionally, the jury being directed in the respective preambles to the special issues to answer same conditioned on how it had answered some previous issue.

The decision in the Wright case is controlling here. The secondary issues referred to are the converse one of the other, not opposite one to the other, and both should have been unconditionally submitted. The fact that the primary issue was submitted unconditionally did not obviate the necessity of submitting unconditionally the secondary issues. The restriction imposed by the condition stated in the preambles should have been eliminated upon objection urged in the trial court, and affirmance of the judgment predicated upon conditional submission of the issues constitutes reversible error.

The difficulty with which the trial judge was faced was not in determining whether an issue should be submitted twice in different forms, such as inquiring whether the partial disability, if any, was permanent or was not permanent; but was that of submitting without denial of right to either party, the converse inquiries as to whether such a disability, if any, was permanent or was temporary. If the answer to the primary issue had been negative, that is to the effect that no partial disability resulted upon the injury after total disability had ceased, a question whether the complaining party had been harmed by the conditional submission of the secondary issues in the light of an answer that no such partial disability had resulted would have been presented; but the answer to the primary issue was affirmative to the effect that such partial disability had resulted and the question suggested is not be-

fore us. The parties were each entitled to an unconditional submission of the secondary issues, as in the Wright case.

■ The remaining assignments urged in the application for the writ need be discussed only briefly. The first and second call for a determination of whether the employee who was injured while drilling a water well, was protected in view of the fact that at the time of injury the policy held by the employer had been amended so as to cover only "oil and gas producing" and "operation of leases, including incidental cementing and cleaning out wells."

We concur in the holding of the Court of Civil Appeals to the effect that the question involved is in its last analysis determined by the fact issue which was submitted by the trial court inquiring whether the policy holder had agreed to the amendment of the original policy.

The third assignment is predicated upon the complaint that there is a variance between the allegations and proof as to the name of the employer. The question of the defect, if any, in the pleading in this regard can be eliminated upon another trial by an amendment by claimant of his pleadings.

■ The fourth assignment relates to the application of the rule announced in American Employers' Insurance Company v. Singleton (Com. App.), 24 S. W. (2d) 26, regarding the manner of computing the claimant's average weekly wage. The substance of the rule is that it is necessary for the evidence to show it is impracticable to compute the weekly wage under both subdivisions one and two of Article 8309 before subdivision three can be resorted to. The question presented involves the sufficiency of the evidence to invoke the rule.

We agree with the Court of Civil Appeals that the evidence was such as to warrant the trial court in concluding in the light of the fact finding made that the conditions of the rule had been met and that the provisions of subdivision three were applicable.

■ We agree with the Court of Civil Appeals also that when the evidence establishes beyond question that an injury compensable under the statute was received by the employee, as in this case, it is unnecessary to define the term "injury." Nor was there any necessity for submitting to the jury the uncontroverted fact that the employee sustained such injury.

The judgment of the Court of Civil Appeals affirming the judgment of the trial court is reversed and the cause is remanded.

Opinion adopted by the Supreme Court January 11, 1939.

Rehearing overruled February 1, 1939.