## TRADERS & GENERAL INS. CO. v. STAKES.

### No. 3841.

Court of Civil Appeals of Texas. El Paso.

June 22, 1939.

Rehearing Denied July 13, 1939.

Carney & Carney, of Atlanta, Lightfoot, Robertson, of Gano, and Johnston, of Fort Worth, for plaintiff in error.

C. J. Shaeffer, of Dallas (Bailey & Shaeffer, of Dallas, George W. McHam, of Wichita Falls, and Roy W. McDonald, of Dallas, of Counsel), for defendant in error.

HIGGINS, Justice.

This is a Workman's Compensation case brought in the District Court of Cass County by the defendant in error, Stakes, on appeal from a decision of the Industrial Accident Board. The parties will be referred to as they were in the trial Court.

The plaintiff claimed compensation for an injury alleged to have been sustained on February 23, 1937, while he was working for Southwest Contracting Company, as an oil field worker, lifting some heavy pipe

in Cass County. It was alleged that while lifting the pipe, and due to its excessive weight, he strained and injured his back, sides, hips and legs, and injured the muscles, ligaments, tendons, etc., thereof.

In the preliminary portion of its charge the Court instructed the jury that "by a 'preponderance of the evidence,' as used in this charge, is meant the greater weight and degree of the credible testimony."

The issues submitted read:

"Special Issue No. 1: Do you find from a preponderance of the evidence that the plaintiff A. S. Stakes sustained an injury to his body on or about February 23rd, 1937, while assisting in moving certain pipes? Answer 'yes' or 'no.'

"Answer: Yes.

"Special Issue No. 2: Do you find from a preponderance of the evidence that the injuries, if any, that the plaintiff A. S. Stakes received on or about the 23rd day of February, 1937, were injuries sustained in the course of his employment with Southwest Contracting Company? Answer 'yes' or 'no.'

"Answer: Yes.

"Special Issue No. 3: Do you find from a preponderance of the evidence that the plaintiff A. S. Stakes sustained total incapacity to labor on account of his injuries, if any, received on or about February 23rd, 1937? Answer 'yes' or 'no.'

"Answer: Yes.

"Special Issue No. 4: Do you find from a preponderance of the evidence that the plaintiff A. S. Stakes did not sustain partial incapacity on account of his injuries, if any, received on or about February 23rd, 1937? Answer 'He did not sustain partial incapacity,' or 'He did sustain partial incapacity.'

"Answer: He did not sustain partial incapacity.

"If you have answered Special Issue No. 3, 'Yes,' then answer this issue, but if you have answered Special Issue No. 3, 'No,' then do not answer this issue:

"Special Issue No. 5: Do you find from a preponderance of the evidence that said total incapacity to labor, if any, is permanent? Answer 'yes' or 'no.'

"Answer: Yes.

"If you have answered Special Issue No. 3 'Yes,' then answer this issue, but if you have answered Special Issue No. 3 'No,' then do not answer this issue:

"Special Issue No. 6: Do you find from a preponderance of the evidence that the said total incapacity to labor, if any, is not temporary? Answer 'It is not temporary,' or 'It is temporary.'

"Answer: It is not temporary.

"If you have answered Special Issue No. 6, 'It is not temporary,' do not answer Special Issue No. 7, but if you have answered Special Issue No. 6, 'It is temporary,' then answer Special Issue No. 7.

"Special Issue No. 7: For what period of time, if any, do you find from a preponderance of the evidence that plaintiff's said total incapacity to labor, if any, has continued or will continue as a result of the injuries, if any, you have found in answer to Special Issue No. One? Answer in number of weeks, if any.

"Answer: ―――― Weeks.

"If you have answered Special Issue No. 6, 'It is temporary,' then you will answer Special Issue No. 8, but if you have answered Special Issue No. 6, 'It is not temporary,' then you will not answer Special Issue No. 8.

"Special Issue No. 8: Do you find from a preponderance of the evidence that the plaintiff A. S. Stakes has sustained or will sustain partial incapacity after his period of total incapacity, if any, on account of his injuries, if any, received on or about February 23rd, 1937? Answer 'Yes' or 'No.'

"Answer: ――――.

"If you have answered Special Issue No. 8 'Yes,' then answer Special Issue No. 9, but if you have not answered Special Issue No. 8, or have answered it, 'No,' then do not answer Special Issue No. 9.

"Special Issue No. 9: Do you find from a preponderance of the evidence that said partial incapacity, if any, is or will be permanent? Answer 'Yes' or 'No.'

"Answer: ――――.

"If you have answered Special Issue No. 8 'Yes,' then answer Special Issue No. 10, but if you have not answered Special Issue No. 8, or have answered it 'No,' then do not answer Special Issue No. 10.

"Special Issue No. 10: Do you find from a preponderance of the evidence that said partial incapacity, if any, is not temporary or will not be temporary? Answer 'It is not temporary' or 'It is temporary.'

"Answer: ――――.

"If you have answered Special Issue No. 10, 'It is not temporary,' then you will not

answer Special Issue No. 11, but if you have answered Special Issue No. 10 'It is temporary,' then you will answer Special Issue No. 11.

"Special Issue No. 11: For what period of time, if any, do you find from a preponderance of the evidence that the plaintiff's said partial incapacity, if any, has continued or will continue after his period of total incapacity, if any, as a result of the injuries, if any, you have found in answer to Special Issue No. One? Answer in number of weeks, if any.

"Answer: ——— weeks.

"If you have answered Special Issue No. 8 'Yes,' then you will answer Special Issue No. 12, but if you have answered Special Issue No. 8 'No,' then you will not answer Special Issue No. 12.

"Special Issue No. 12: What do you find from a preponderance of the evidence is the extent or degree of said partial incapacity, if any, during the period, if any, of such partial incapacity? Answer in number of per cent.

"Answer: ——— per cent.

"Special Issue No. 12-A: Do you find from a preponderance of the evidence that the plaintiff A. S. Stakes did not work substantially the whole of the year immediately preceding February 23rd, 1937, in the employment that he was working in on February 23, 1937?

"In connection with this issue you are instructed that the term 'substantially the whole of the year' means exactly 300 days or close to or near to 300 days. Answer 'He did not work substantially the whole of the year' or 'He did work substantially the whole of the year.'

"Answer: He did not work substantially the whole of the year.

"Special Issue No. 13: Do you find from a preponderance of the evidence that an employee of the same class as the plaintiff A. S. Stakes worked substantially the whole of the year from February 23rd, 1936 to February 23rd, 1937, in the same employment in which plaintiff was working on February 23, 1937, or in similar employment to the employment in which plaintiff was working at said time, in the same place in which plaintiff was working on Feb. 23rd, 1937, or in a neighboring place to the place in which plaintiff was working at said time?

"In connection with this issue you are instructed that the term 'substantially the whole of the year' means exactly 300 days or close to or near to 300 days. Answer 'Yes' or 'No.'

"Answer: Yes.

"Special Issue No. 14: What do you find from a preponderance of the evidence to have been the average daily wage or salary, if any, which such employee working substantially the whole of such year, if you have found an employee did work substantially the whole of such year, earned in such employment during the days when so employed? Answer in dollars and cents, if any.

"Answer: $4.50.

"If you have answered Special Issue No. 13 'Yes,' then you will not answer this issue, but if you have answered Special Issue No. 13 'No,' then you will answer Special Issue No. 15.

"Special Issue No. 15: What do you find from a preponderance of the evidence to have been the average weekly wages of the plaintiff A. S. Stakes on February 23rd, 1937, computed in a manner which shall seem just and fair to the plaintiff and the defendant herein? Answer in dollars and cents, if any.

"Answer: $———."

Issues 1, 2, 3, 4, 5, 6, 12-A, 13 and 14 were answered as shown above following each issue. The other issues, having been conditionally submitted, were not answered.

Judgment was rendered in favor of the plaintiff and against the defendant at the rate of $15.12 per week for 401 weeks as for total incapacity, apportioned two-thirds to plaintiff and one-third to his attorneys.

The defendant prosecutes this writ of error.

The evidence shows Stakes is a resident of Rodessa, Louisiana, and was residing there at the date he was employed by the Southwest Contracting Company to do the work in Cass County, Texas, in which he was engaged at the time he was injured or claims to have been injured; that the employer was an Oklahoma Company with a field office at Rodessa, but at said time was also operating in Texas, laying a branch oil pipe line in Cass County; that plaintiff in error was the compensation insurance carrier of the Texas emloyees of the employer; that at the time Stakes claims to have been injured he was an employee of the Contracting Company working as a laborer in its pipe-line crew

which was engaged in building said branch pipe line. The undisputed evidence establishes the facts stated above. Primarily his duties were to work as a ditch-digger. According to the evidence of the plaintiff there was a pile of pipe in the path of the ditch to be dug, and he and the other employees of the ditch-digging crew were moving this pipe to one side when he was injured. Removing this pipe was in the scope of his duties and course of his employment. According to the testimony of Stakes, the contract of employment was made in Cass County, but as to this there is an issue of fact raised by the testimony of the Contracting Company's witness, O'Donnell, its ditch foreman, who testified he hired Stakes at Rodessa, Louisiana.

Plaintiff in error's first four propositions in effect assert that Stakes was not protected by the policy of insurance issued by it covering the Texas employees of the Contracting Company because the evidence shows Stakes is a resident of Rodessa, Louisiana; his employer is an Oklahoma Company with a field office at Rodessa; that Stakes was hired out of the Louisiana office of the employer and the claimant's work in Texas was of a temporary nature; wherefore a verdict in defendant's favor should have been instructed. The propositions further assert that in any event the issue of whether Stakes' employment was covered by the policy was one of fact which it was necessary to submit to the jury.

■ These propositions are overruled. The question at issue is whether Stakes, at the time he was injured, occupied the status of a Texas employee of the Southwest Contracting Company and was injured in the course of his employment while working in Texas. Whether Stakes actually sustained the injuries he claims to have sustained was a contested issue raised by the evidence, but it is undisputed that if he was injured such injury occurred in Cass County, Texas, while working for the Contracting Company. In determining the question at issue no controlling importance attaches to the fact that Stakes resided at Rodessa, in Louisiana, which was near the Texas boundary line, and that his employment was not permanent but apparently temporary and confined to work in the ditch-digging crew of the branch pipe line then being constructed. Nor do we regard as controlling the place where the contract of employ-

ment was made. The undisputed fact remains that he was employed to work and did work in Texas, and that, in our opinion, fixed his status as a Texas employee of the Contracting Company, his employer, and conferred upon him the benefit and protection of the Workmen's Compensation Law of this State, Vernon's Ann.Civ. St. art. 8306 et seq., in case he was injured in Texas while working in the course of his employment. There is no occasion to discuss the authorities cited in plaintiff in error's brief for they are regarded as not in point. We think none of the authorities cited by either of the parties are in point upon the question here presented.

Another group of propositions complain of the conditional submission of issues 8, 9, 10, 11 and 12, plaintiff in error invoking the rule that where the defensive issues of partial and temporary total incapacity are raised by the pleadings and evidence, such issues must be unconditionally submitted. Some of the cases announcing and applying such rule are as follows: Traders & General Ins. Co. v. Shanks, Tex.Civ.App., 83 S.W.2d 781; Greer v. Thaman, Tex.Com.App., 55 S.W. 2d 519; Texas Indemnity Ins. Co. v. Thibodeaux, 129 Tex. 655, 106 S.W.2d 268; Traders & General Ins. Co. v. Forest, Tex. Civ.App., 78 S.W.2d 987; Wright v. Traders & General Ins. Co., Tex.Com. App., 123 S.W.2d 314; Southern Underwriters v. Wheeler, Tex.Com.App., 123 S. W.2d 340, 341.

The rule invoked and authorities cited have no application in this case, for the defensive issue of partial incapacity was unconditionally submitted in issue 4, and a negative answer returned. The issue of temporary total incapacity was submitted in issue 6, conditional only upon a finding in answer to issue 3 that plaintiff had sustained total incapacity. No complaint is here made of such conditional submission of issue 6.

The question here presented is that suggested by Judge Taylor in Southern Underwriters v. Wheeler, supra, in this language: "The difficulty with which the trial judge was faced was not in determining whether an issue should be submitted twice in different forms, such as inquiring whether the partial disability, if any, was permanent or was not permanent; but was that of submitting without denial of right to either party, the converse inquiries as to whether such disability, if

274

any, was permanent or was temporary. If the answer to the primary issue had been negative, that is to the effect that no partial disability resulted upon the injury after total disability had ceased, a question whether the complaining party had been harmed by the conditional submission of the secondary issues in the light of an answer that no such' partial disability had resulted would have been presented; but the answer to the primary issue was affirmative to the effect that such partial disability had resulted and the question suggested is not before us."

 In the case at bar, the primary defensive issues of partial incapacity (issue 4) and temporary total incapacity (issue 6) were submitted and found against the defendant. The conditional submission of issues 8 to 12, inclusive, therefore presents no error.

The definitions of "total incapacity" and "partial incapacity" given in the charge were correct. As to the first definition see 45 Tex.Jur. p. 585, Sect. 159, United States F. & G. v. Baker, Tex.Civ.App., 65 S.W.2d 344, Home Life & Accident Co. v. Corsey, Tex.Civ.App., 216 S.W. 464, and Bankers' Lloyds v. Seymour, Tex. Civ.App., 49 S.W.2d 508, and cases there cited. As to definition of "partial incapacity," see Traders & General Ins. Co. v. Wright, Tex.Civ.App., 95 S.W.2d 753; Wright v. Traders & General Ins. Co., Tex. Com.App., 123 S.W.2d 314.

Propositions 14 to 21 question the sufficiency of the evidence to support the answers to issues 1, 2, 3, 5, 13 and 14. We regard the evidence as sufficient to support the answers made to said issues.

The twenty-second proposition reads:

"The court erred in submitting Special Issue No. 1 reading as follows:

"'Do you find from a preponderance of the evidence that the plaintiff A. S. Stakes sustained an injury to his body on or about February 23, 1937, while assisting in moving certain pipes? Answer Yes or No.

"To which the jury answered 'Yes' over the objection of the defendant to the effect that such issue was confusing and misleading because such issue as framed when taken in connection with the definition in the charge of 'preponderance of the evidence' and the instruction of the court as to how to answer said issue, had the effect of placing the burden of proof upon the defendant to establish its contention

with reference thereto by a preponderance of the evidence."

 Other propositions make like complaint of the form of submission of issues 2, 3, 4, 5 and 6. These propositions are overruled. Gulf, C. & S. F. Ry. Co. v. Giun, 131 Tex. 548, 116 S.W.2d 693; 116 A.L.R. 795; Southern Ice & U. Co. v. Richardson, 128 Tex. 82, 95 S.W.2d 956; Traders & G. Ins. Co. v. Snow, Tex.Civ. App., 114 S.W.2d 682, Writ Dismissed; Traders & G. Ins. Co. v. Porter, Tex. Civ.App., 124 S.W.2d 900, Writ Refused.

In our opinion the criticism of the form of submitting issues 1 to 6 is foreclosed against plaintiff in error by the opinions of Judge Taylor in the Richardson and Giun cases, supra, and the action of the Supreme Court in refusing a writ of error in the Porter case, supra.

Affirmed.