LUMBERMEN'S LLOYDS v. JONES et al.

No. 6719.

Court of Civil Appeals of Texas.

Texarkana.

Jan. 21, 1954.

Rehearing Denied Feb. 25, 1954.

Collins, Garrison, Renfrow & Zeleskey, Lufkin, James R. Strong, Carthage, for appellant.

Fred Whitaker, L. P. Caston, Carthage, for appellees.

WILLIAMS, Justice.

Appellees Roy Jones and wife were awarded compensation benefits in a lump sum as the statutory beneficiaries, secs. 8 and 8a, art. 8306, R.C.S. of Texas, Vernon's Ann.Civ.St. art. 8306, §§ 8, 8a, for the death of Jessie May Jones, a son, single who was killed in an explosion that occurred around 7:30 o'clock, p.m., on November 30, 1951, at a crude-oil loading station in Louisiana, about five miles east of Waskom. The suit was prosecuted to a judgment against appellant Lumbermen's Lloyds, as the compensation insurance carrier of R. A. Corbett, d/b/a R. A. Corbett Transport, under the extra territorial provisions of the Texas Workmen's Compensation Act, namely, sec. 19, art. 8306, R.C.S., Vernon's Ann.Civ.St. art. 8306, § 19.

In response to special issues No. 1 and No. 2 the jury found that deceased was an employee of R. A. Corbett Transport and was then acting within the course of his employment at the time; and to special issue No. 3 that deceased was not an employee of Herpin Truck Line, Inc., at the time. The points presented relate to the sole defensive issue raised by appellant that deceased at the time he was killed was an employee of A. W. Herpin Truck Line, Inc., which carried Workmen's Compensation insurance on its employees in the National Automobile & Casualty Insurance Company under the Workmen's Compensation law of Louisiana. The latter asserted employer will be called Herpin and the other asserted employer will be called Corbett.

During the period here involved R. A. Corbett owned and operated the R. A. Corbett Transport and as such operator held a permit from the Railroad Commission of Texas and from the I.C.C. to operate trucks in the hauling of crude oil and other petroleum products intrastate in Texas and also interstate. He maintained a fleet of trucks for such purposes. Appellant carried the Workmen's Compensation Insurance on the employees of Corbett so engaged in hauling intrastate in Texas and in interstate hauls. R. S. Corbett was the vice-

president and general manager of and owned a substantial amount of the stock in A. W. Herpin Truck Line, Inc. This concern held proper governmental permits from the State of Louisiana to operate a truck line to haul crude oil and other petroleum products intrastate in Louisiana. The two concerns maintained a joint office at Lufkin, Texas, with one J. D. Rook employed as terminal manager to hire and fire employees and to supervise the maintenance of trucks for both concerns. One bookkeeper kept the records and made up the required reports for each concern to the various governmental state and federal governments. Each concern paid one-half the expenses of the joint office and help there.

For a period of about two months prior to November 30, deceased as an employee of Corbett had operated a transport truck hauling petroleum products in Texas, principally around Carthage. In this period he had made a few trips in hauling such products out of Louisiana into Texas. On the 29th, the day prior to the explosion, deceased was engaged in such work for Corbett operating a Mack transport truck No. 29, on a haul between Carthage and Center, Texas. This truck No. 29 carried markings on it—such as R. A. Corbett Transport and R. A. C. Deceased was operating a Mack transport truck No. 27 on the day of and at the time of the explosion. It carried similar markings as above and in addition thereto this truck No. 27 carried the further markings "A. W. Herpin Truck Line, Inc." on the cab of the truck.

Appellees seek to sustain the judgment upon the undisputed facts that deceased had been in the employment of Corbett for about two months prior to the morning of November 30, and that the truck which he operated at the time of the explosion was registered in the name of Corbett and carried the markings of R. A. Corbett Transport and R. A. C. In support of this position appellees cite R. G. Duke & Son v. Burk, Tex.Civ.App., 233 S.W.2d 617, and decisions there collated, to the effect that the marking of vehicles with defendant's

name is sufficient to make a prima facie showing of ownership of vehicle and its operation in the course of employment. And appellees invoke the further presumption as stated in Aetna Casualty & Surety Co. v. Dixon, Tex.Civ.App., 145 S.W.2d 620, 624, namely, "it is a general rule, with wide applications that where the existence of a status or a state of thing, a personal relation or custom is once established, it is presumed that such status, etc., continues until the contrary is shown or until a different presumption is raised from the nature of the subject in question." 20 Am. Jur., p. 205; 17 T.J. (Evidence) sec. 62; 31 C.J.S., Evidence, § 124.

To rebut both presumptions relied upon by appellees, appellant adduced evidence to the effect that deceased had changed jobs on the morning of November 30, because the latter job paid a better percentage; that the terminal manager Rook had instructed him on his new job and had escorted deceased to the loading station in Louisiana and there instructed him further. Appellant introduced copies of four manifests purported to have been signed by deceased as an employee of Herpin on November 30 in the transportation of four loads of crude oil from the Waskom crude-oil loading station in Louisiana to Moore's station near Shreveport, Louisiana, a receiving station of the Stanolind Oil & Gas Company. Appellant introduced in evidence the reports filed by Herpin to governmental agencies which reflected deceased's services with Herpin on November 30th. In view of our reversal of the judgment for the reasons later herein stated, we pretermit further details about above concise summary of the respective claims or of other evidence adduced by the respective litigants.

In support of appellants' claim that deceased was employed by Herpin on the intrastate haul in Louisiana on November 30 and in rebuttal to the presumptions relied upon and advanced by appellees, a written agreement between Corbett and Herpin which had been approved by the Public Service Commission of Louisiana was offered in evidence. Under the terms of this

written contract executed in April, 1951, Corbett had leased to Herpin certain transport trucks, therein identified by make, model, kind and motor number and which included Mack T 27, the truck involved in the explosion. This contract called for certain monthly rentals for use of each truck and contained provisions which required Herpin to furnish drivers at his own expense and to carry compensation insurance and various types of liability insurance.

Appellants further sought to introduce in evidence a written contract dated October 1, 1950, that had been executed between Herpin and the Stanolind Oil & Gas Company, which was in force at the time of the explosion. Under its terms Herpin held the contract to transport crude oil from the Waskom Field in Louisiana to its station, namely, Moore's station near Shreveport, Louisiana. Payment for such hauling was on a percentage basis. This contract also provided that Herpin carry Workmen's Compensation Insurance on its employees as well as various liability insurance.

 Upon objections urged by appellants, neither instrument was admitted in evidence. Such exclusion from a consideration by the jury upon the only vital issue involved in this action was error that requires a reversal of the judgment. "It is a fundamental rule that either party is entitled to introduce testimony to rebut evidence introduced by his adversary." Panhandle Construction Co. v. City of Spearman, Tex.Civ.App., 89 S.W.2d 1053, 1055; 17 Tex.Jur. (Evidence), sec. 60, 127; 41 T.J. (Trial), sec. 95. The import of the materiality of this excluded evidence is reflected in Empire Gas & Fuel Co. v. Muegge, 135 Tex. 520, 143 S.W.2d 763, in a discussion of the record there involved. The objections urged by appellees to the admission of the two contracts relate to the weight of the evidence. The validity of either contract as between the parties to each contract was not involved.

The effect of the exclusion of the two contracts is further aggravated by counsel in the closing argument to the effect "that the evidence was undisputed that the truck

was owned by R. A. Corbett;" that "the sign on that truck was R. A. Corbett Transport, Lufkin, but when he gets to Louisiana they have additional signs on the truck"; "those other signs are still on the side of the truck, licensed in the State of Texas." Upon another trial the other argument complained of with respect to charged of alleged criminal offenses should be avoided.

The judgment is reversed and the cause remanded.