May Tucker **COTTRELL** and **W. E. Cottrell,**
Appellants,

v.

**TEXAS EMPLOYERS' INSURANCE
ASSOCIATION, Appellee.**

No. 12966.

Court of Civil Appeals of Texas.

San Antonio.

April 25, 1956.

Rehearing Denied July 11, 1956.

Caldwell, Baker & Jordan, Dallas, for appellants.

Eskridge, Groce & Hebdon, San Antonio, for appellee.

POPE, Justice.

Appellant May Tucker Cottrell, the widow of Carl Tucker, appealed from a judgment which denied her claim for workmen's compensation by reason of the verdict which found that the injury to Carl Tucker was not a producing cause of his death, and that his death was solely caused by heart disease independent of the injury. She seeks a reversal because the trial court refused to give her requested instruction about "injury" and because certain testimony about her husband's health and condition was excluded. We affirm the judgment.

Appellee admitted that Tucker sustained an injury, but denied that the injury was the producing cause of his death. Tucker sustained a severe blow to his chest on September 23, 1952, and died eight months later from a heart condition. Appellee contended that the blow to Tucker's chest was not a producing cause of death, but that death was caused solely by a heart condition. Because injury was admitted, the court submitted no issue about injury and none was requested. The court submitted only two issues. The first inquired whether the injury was a producing cause of Tucker's death. The jury found that it was not. The other issue asked if Tucker's death "was not caused solely by heart disease independent of and disassociated from the injury." The jury found that death was solely caused by heart disease independent of the injury.

Tucker's widow requested and the court refused to instruct the jury that the term "injury means damage or harm to the physical structure of the body and such diseases or infections as naturally result therefrom or the incitement, acceleration or aggravation of any disease previously or subsequently existing, by reason of such damage

or harm to the physical structure of the body." Because the insurer admitted injury, the issue was not submitted and the term was not defined. Because the insurer denied that the injury was the producing cause of death, the court submitted that issue, together with a definition that "Producing cause * * * means a cause which in a natural and continuous sequence either alone or in conjunction with pre-existing bodily conditions, produced the death in issue and without which cause the death would not have occurred."

■ Claimant's requested definition of jury" was a correct definition, but she is in no position to complain about the trial court's failure to give the definition. In her brief she argues that the insurer admitted that Tucker suffered an accident, but not a compensable injury, specifically, an injury to the heart. That is not the position she took when the charge was being prepared. The claimant requested no issue on injury of any kind. If there was a dispute on injury, the claimant had the burden to obtain a favorable verdict on that issue to support a judgment. Where the injury issue is submitted the term should be defined. Commercial Standard Ins. Co. v. Noack, Tex.Com.App., 62 S.W.2d 72. Appellee, insurer, admitted injury and no one requested an issue. Under this record, whatever the claimant was burdened to prove by way of injury and in fact claimed, was admitted by the insurer, assumed by the court, and not requested by the claimant.

The trial centered around the issue of producing cause which was correctly submitted and defined. That definition did not contain the word "aggravation" ordinarily used in defining "injury," which the claimant desired, but the definition contained the phrase, "either alone or in conjunction with pre-existing bodily conditions." In effect, the claimant wanted to be in position to argue a part of an issue which was already admitted in order to obtain a favorable verdict on the separate issue of producing cause, which was properly defined. The Commission of Appeals has said, "when the evidence establishes beyond question that an injury compensable under the statute was received by the employee, as in this case, it is unnecessary to define the term 'injury.'" Southern Underwriters v. Wheeler, 132 Tex. 350, 123 S.W.2d 340, 341; Id., Tex.Civ.App., 108 S.W.2d 846; Traders & General Ins. Co. v. Mills, Tex. Civ.App., 108 S.W.2d 219, 224; Fidelity & Casualty Co. of New York v. Branton, Tex. Civ.App., 70 S.W.2d 780. Moreover, the definition of producing cause included the phrase "either alone or in conjunction with pre-existing bodily conditions," and that instruction supplied the jury with substantially the same information it would have from the requested definition of injury. Incitement, acceleration, or aggravation contemplate a cause "in conjunction with a pre-existing bodily condition," and in our opinion the court fairly submitted the issues to the jury.

■ The court sustained objections to certain conclusions on the part of claimant about the condition of her husband. After each objection, she testified to the particulars. At most the excluded testimony was cumulative of matters which were amply proved. Fluitt v. Employers' Mut. Liability Ins. Co. of Wisconsin, Tex.Civ.App., 242 S.W.2d 649.

The judgment is affirmed.