**E. H. GENDKE, Appellant,**

v.

**TRAVELERS INSURANCE COMPANY,**
**Appellee.**

**No. 4100.**

Court of Civil Appeals of Texas.

Waco.

May 2, 1963.

Rehearing Denied May 23, 1963.

**4**

Eugene A. Smith, Houston, for appellant.

Baker, Botts, Shepherd & Coates, Walter E. Workman, Houston, for appellee.

WILSON, Justice.

Claimant appeals from a take-nothing judgment rendered on an adverse jury verdict in his action seeking workmen's compensation benefits for a specific injury alleged to have been sustained to his left leg. The jury returned negative answers to issues inquiring whether the accidental injury alleged was a producing cause of any loss of use of the leg.

Claimant presents 12 points, none of which reflect reversible error in our opinion, but he presents other points relating to exclusion of evidence which we unanimously conclude require reversal.

Plaintiff testified he tripped on a hoop and fell, striking his knee on cement. He lost no time from work but was examined and treated by several physicians. He had sustained prior injuries and incapacity, and there was adequate evidence from which the jury could properly find the injury claimed was not the producing cause of incapacity. There was also evidence which would have amply supported a finding of producing cause, at least, of partial loss of use. Claimant testified the injury alleged affected his walking by requiring his leg to be moved under tension to prevent knee joint movement, producing "a severe limp", as a result of which he held his foot "to the side, which wears my shoes off on the outer side." He exhibited such a shoe to the jury. He testified his right leg, previously injured at knee and ankle, did not then cause this limp, although he was limping at the time of the accident; that "I have some limp wherever I go, whether it be in church, here, or anywhere else." He adduced medical testimony that an examination 20 months after the claimed injury showed "he was walking with a limp on the left knee."

After plaintiff rested the insurance carrier presented as evidence only the testimony of one medical witness, who testified that it would be expected there would be a difference in circumference of right and left leg if claimant "favored the knee", because "if the knee hurt, you unconsciously favor it", and "if the muscles were the same size we knew he didn't have very much wrong with the knee." This doctor testified he examined claimant 14 months after date of accident, on four intervening occasions, and 17 months after date of injury, at which time the leg muscles were of the same size. "Q. Do you recall whether Mr. Gendke had any sort of a limp or unusual gait? A. No, I don't recall any, and I certainly don't mention anything about it as far as I can see in my notes. Let's see if he had a complaint. No, he didn't have any complaint of any limp."

On cross-examination he testified one could not "limp and favor his leg and still not have any wasting of the muscle down there", because if one walks with a limp, bending the knee, disuse results in muscle atrophy. By agreement he measured the two legs at the trial, finding the right leg to be one-fourth inch larger than the left. He testified abnormal shoe wear on the side would not be attributable to knee limp, which would cause wear at toe and heel, but was "due to something in the foot."

Defendant rested at the end of the second trial day. The following morning the insurance carrier made a motion to restrict claimant's rebuttal evidence "to rebuttal of medical evidence only", the motion reciting claimant had brought nine

lay witnesses to court and announced he intended to prove these witnesses had observed claimant limping on various occasions; that such evidence was properly a part of plaintiff's case in chief, and not in rebuttal of medical evidence. Claimant's response was that since testimony of appellee's medical witness was to the effect claimant did not limp, the evidence offered was in rebuttal. The court replied that appellee's witness "didn't testify he didn't limp, he testified he never saw him," and that claimant already had in evidence testimony that he limped. Appellee's motion was sustained and the evidence of all these witnesses was excluded.

The bill of exception shows one of the tendered witnesses, a minister, would have testified he had observed claimant limping virtually every Sunday for the past three or four years, as church usher. Other witnesses, fellow-employees, would have testified claimant had an unusual walk; he limped on his left leg, and they saw him limping at work each day.

Appellee says there was broad discretion in determining whether a party is permitted to introduce purely cumulative evidence, and the court's ruling will not be reversed unless abuse is shown. We recognize that rule, but it is not our problem. The issue here is not whether the evidence was purely cumulative; the primary question is whether it was rebuttal. Rule 265, Texas Rules of Civil Procedure provides that after the parties have introduced their evidence they "shall then be confined to rebutting testimony on each side."

The problem is not whether the court could have properly limited the number of witnesses. Appellee successfully moved to suppress the testimony of all. Neither is the question whether plaintiff should have introduced the testimony as a part of his case in chief, if it was rebuttal evidence. We are mindful of the compelling pressures which require a conscientious judge in the heaviest litigation area of the state to expedite the disposition of a case, and

doubtless the action in this case was prompted by such urgency.

In Markham v. Carothers, 47 Tex. 21, 27 the Supreme Court said that although the purport of evidence excluded was to strengthen evidence originally introduced, since it was in direct answer to the adversary's evidence it was admissible in rebuttal. Exclusion there was not based on failure to put on the entire case in chief, but because the evidence was an effort to discredit a previous witness. "We recognize the rule that in regard to the time and manner of introduction of testimony, much is left to the discretion of the presiding judge; but as the evidence in this case was excluded, not because the presiding judge held that in fairness it should have been introduced before, but on legal grounds, which are untenable, we hold that its exclusion was erroneous." Following the decision, in Ayers v. Harris, 77 Tex. 108, 13 S.W. 768, 773, the Supreme Court said that if the defendants had offered any evidence disputing the testimony of plaintiff's witness who testified to existence of blaze marks on trees, or negativing existence of a blazed line, "notwithstanding it was of the same character as that first introduced by plaintiff, and proper to be introduced in support of the issues made by his own pleadings, ought to have been admitted, and its exclusion would have required a reversal of the case." The rule has consistently been that plaintiff may "reserve confirmatory proof in support of the very points made in the opening till he finds on what points his opening case is attacked, and then fortify it upon those points", the court there said.

The testimony offered was both directly in rebuttal of defendant's evidence on the primary issue of loss of use, as well as being available on the matter of credibility. In our opinion sustaining of appellee's motion to prohibit introduction of evidence from any of these witnesses was error; and from the entire record we think it requires reversal.

Reversed and remanded.