Robert T. MINOR, Appellant,

v.

The COMMERCIAL INSURANCE COMPANY OF NEWARK, NEW JERSEY, Appellee.

No. 8461.

Court of Civil Appeals of Texas, Texarkana.

Nov. 1, 1977.

Tom P. Briggs, Briggs & Brown, Dallas, for appellant.

Edwin J. Lamberty, Jr., Patterson & Lamberty, Inc., Dallas, for appellee.

CORNELIUS, Chief Justice.

Robert T. Minor filed this worker's compensation suit alleging that while in the course and scope of his employment with the Harrison and Walker Construction Company he sustained an injury which resulted in his total and permanent disability. The case was submitted to a jury upon special issues. The jury failed to find that appellant sustained an injury on the date alleged, and a take nothing judgment was accordingly entered against him.

Shortly after the alleged injury, appellant consulted Dr. Thomas Glover. He was only with Dr. Glover for about two minutes. The doctor did not examine him but only referred him to an orthopedic surgeon. Dr. Glover did not testify at the trial but his record of appellant's visit, which contained appellant's name, age and sex, and the notation "Low back pain—started when he was working construction work. Rx: Referred to Orthopedic Surg." was offered into evidence by appellant. The parties had stipulated that the record could be admitted under Tex.Rev.Civ.Stat.Ann. art. 3737e (Supp.1976–1977) without predicate or authentication, subject to all valid objections to the contents thereof. Upon appellee's objection, the trial court ruled the notation "Low back pain—started when he was working construction work . . ." was not admissible, but admitted the record with the notation deleted.

The appellant has assigned four points of error, all of which relate to the exclusion of the notation contained in the doctor's report.

■ The first point of error contends that the notation "Low back pain" as contained in Dr. Glover's report should have been received in evidence because, as a declaration of present bodily condition, it was admissible as an exception to the hearsay rule. Appellee concedes that the notation was admissible to prove appellant's pain but argues that its exclusion was harmless because the issue of appellant's pain was not disputed, and in fact was well established by other proof adduced by appellant. We believe appellee's position is well taken. At most the notation "Low back pain" would have constituted cumulative evidence of the undisputed fact that appellant suffered back pain. That being true, its exclusion was not reversible error. *Cottrell v. Texas Employers' Insurance Association*, 293 S.W.2d 219 (Tex.Civ.App. San Antonio 1956, writ ref'd n. r. e.); *Fluitt v. Employers Mut. Liability Ins. Co. of Wis.*, 242 S.W.2d 649 (Tex.Civ.App. San Antonio 1951, writ dism'd).

By his second and third points of error the appellant complains of the exclusion of the notation "started when he was working construction work" from Dr. Glover's record.

■ When a physician is consulted by a patient for the purpose of diagnosis and treatment, the physician may relate descriptive statements made to him by the patient as to the events causing the injury, not as evidence of their truth, but in explanation of his expert opinion in evidence as to the cause, nature or duration of the injury or disability. *Pullman Palace Car Co. v. Smith*, 79 Tex. 468, 14 S.W. 993 (1890); *Walker v. Great Atlantic & Pacific Tea Co.*, 131 Tex. 57, 112 S.W.2d 170 (1938); *Select*

*Insurance Company v. Patton,* 506 S.W.2d 677 (Tex.Civ.App. Amarillo 1974, no writ); 1 McCormick & Ray, Texas Evidence, Sec. 835, p. 610; Sec. 843, pp. 627, 628 (2d ed. 1956). The rule cannot, however, be applied to the instant case. Dr. Glover did not testify. There was no opinion to explain. We cannot accept appellant's reasoning that Dr. Glover's act in referring appellant to an orthopedic surgeon should be considered an opinion or treatment to the extent that the self-serving external facts reported by appellant to Dr. Glover would thereby be admissible to explain that action, even though the doctor was not called to testify. Appellant testified that Dr. Glover only spent two minutes with him and did not examine or treat him. It would be improper, we believe, to allow appellant to admit into evidence what would otherwise be purely self-serving declarations under the guise of explaining the doctor's action in declining to treat him and referring him to another doctor.

As an alternative theory, appellant attacks the acknowledged rule which prohibits the admission, as independent proof of the facts, of hearsay statements of past external events made by a patient to a treating physician. It has been suggested (1 McCormick & Ray, Texas Evidence, Sec. 843, p. 628) that such statements are only slightly less reliable than descriptions of past pain and symptoms, which are admissible as independent proof of the fact. 1 McCormick & Ray, Texas Evidence, Sec. 845, p. 629 (2d ed. 1956). But it has been held repeatedly by the courts of this state that the former statements are admissible only to explain the opinion of the expert, and are otherwise within the realm of inadmissible hearsay. *Travelers Insurance Company v. Smith,* 448 S.W.2d 541 (Tex. Civ.App. El Paso 1967, writ ref'd n. r. e.); *Newman v. Dodson,* 61 Tex. 91 (1884); *Texas Employers' Ins. Ass'n. v. Morgan,* 187 S.W.2d 603 (Tex.Civ.App. Eastland 1945, writ ref'd w. m.). We are not disposed to overturn that rule.

The third point of error asserts that the notations in Dr. Glover's record should have been admitted to rebut affirmative testimony offered by the appellee that appellant was silent as to any connection between his symptoms and a job related injury.

When evidence of unnatural silence is given, controverting evidence may be admitted by the adversary in rebuttal, not as evidence that the words spoken were true, but as evidence that he did speak. *Hines v. Blackman,* 226 S.W. 142 (Tex.Civ. App. Dallas 1920), aff'd, 239 S.W. 908 (Tex. Com.App. 1922, jdgmt adopted); 1 McCormick & Ray, Texas Evidence, Sec. 836, p. 612 (2d ed. 1956); 23 Tex.Jur.2d, Evidence, Sec. 142, p. 210. By the introduction of the initial evidence of silence, a relevant issue is raised as to whether or not statements were made, thus making the utterance of the statements admissible, not as proof of the facts stated, but as an operative fact in itself. 1 McCormick & Ray, Texas Evidence, Sec. 795, p. 585 (2d ed. 1956). However, the notation in question here was not offered by way of rebuttal but as part of appellant's case-in-chief. At the time it was offered it was not admissible, because there was no evidence or inference of silence to rebut. In those circumstances the trial court properly excluded the evidence. Testimony which is inadmissible in the first instance may become relevant and admissible in rebuttal. *Texas Employers' Ins. Ass'n. v. Thames,* 236 S.W.2d 203 (Tex.Civ. App. Fort Worth 1951, writ ref'd); 23 Tex. Jur.2d, Evidence, Sec. 142, p. 210. Thus, after evidence of silence was produced by appellee, the rebuttal evidence would have been admissible. *Associated Indemnity Corporation v. Baker,* 76 S.W.2d 153 (Tex. Civ.App. Amarillo 1934, writ dism'd); *Hines v. Blackman,* supra. But, as appellant chose not to re-offer the evidence when it became admissible, he may not complain of its exclusion.

The fourth point of error asserts that the entirety of Dr. Glover's record was admissible as an exception to the hearsay rule. The point is cumulative of the other grounds here asserted and is overruled.

The judgment of the trial court is affirmed.