Kenneth D. JOHNSON, a/n/f Cheryl Lynn Johnson, Appellants,

v.

HERMANN HOSPITAL, et al., Appellees.

No. B14–82–113CV.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 31, 1983.

Rehearing Denied Oct. 31, 1983.

Jim M. Perdue, Andrew L. Todesco, Houston, for appellants.

Charles W. Hurd, Fulbright & Jaworski, Houston, for appellees.

Before PAUL PRESSLER, ROBERT-SON and CANNON, JJ.

PAUL PRESSLER, Justice.

A fifteen year old girl suffered brain damage while recovering in Hermann Hospital's surgical intensive care unit (SICU). A jury found that appellants suffered three million dollars in damages but found no liability against appellees. We reverse the judgment and remand for a new trial.

On November 16, 1976, fifteen year old Cheryl Lynn Johnson was taken to the operating room at Hermann Hospital to have oral and facial surgery. The surgery was to correct "buck teeth." The surgery was a success. Cheryl was taken to a recovery room and was transferred to Hermann Hospital's SICU II where she was breathing through an endotracheal tube. An endotracheal tube is an artificial air way which runs down the nose into the windpipe and provides a mechanism for air to go into and out of the lungs. The nurses in the SICU were responsible for suctioning the tube with the use of special catheters to keep the airway open. Cheryl had been transferred to the SICU at approximately 2:30 p.m. At approximately 4:45 p.m., it was noted that Cheryl was cyanotic (her blood did not contain sufficient oxygen for her bodily needs). At approximately 5:00 p.m. Cheryl had a respiratory and cardiac arrest. Medical attention was obtained, the tube was removed, a new tube was put in, and she was resuscitated. However, because her brain had been deprived of oxygen, she suffered permanent brain damage.

Appellants brought suit contending that the nurse charged with caring for Cheryl in the SICU was inexperienced in critical care nursing and was responsible for more patients than she could care for properly and adequately. Additionally, appellants contend Cheryl's airway was not adequately suctioned, allowing secretions to gradually accumulate and thicken, cutting off the air flow in the endotracheal tube and causing Cheryl's cardiac and respiratory arrest which resulted in brain damage. Appellees contend the nurse in charge of Cheryl's care

in SICU was qualified, not over burdened, and that the proper nurse to patient ratio for a step down SICU was maintained. Appellees further contend that Cheryl's injuries were the result of a sudden and acute episode wherein the endotracheal tube suddenly kinked or suddenly became obstructed by the rapid accumulation of secretions within the tube.

At the trial, medical experts were called by each side. At the close of appellees' evidence, appellants sought to introduce portions of the deposition testimony of nurse Wanda Karcher as rebuttal. Appellees objected and Appellants read portions of the deposition into the record outside of the presence of the jury. The court sustained appellees' objection stating:

> It shall not be heard by the jury for the following reasons: nurse Wanda Karcher has no personal knowledge dealing with the occurance in question, as an expert, did not become so, that is, an expert until later, that is, after November 16, 1976. Plaintiff has already put on a nurse as an expert, namely, Francis Elliot, much of the offer is only cumulative.

Appellants bring thirteen points of error. In light of our disposition of this case, we find it necessary to address only points of error two through six. In these points appellants contend that the trial court erred in excluding the rebuttal testimony of Wanda Karcher as she was sufficiently qualified to serve as an expert rebuttal witness.

Appellees contend the evidence was properly excluded because portions of it were inadmissible, and it was offered in its entirety without the objectionable portions being omitted by appellants. Appellees assert Karcher's testimony was inadmissible because she testified to facts about which she had no personal knowledge, and she was not qualified as an expert witness. We disagree.

█ The testimony which appellants sought to introduce consisted of portions of nurse Karcher's deposition which were to be read to the jury in question and answer form. The testimony was not to be offered as a whole. Had the testimony been of-

fered in the form of a document or had appellants sought to introduce the entire deposition, the inadmissible portions should have been excluded before the document or deposition could be admitted into evidence. However, this is not the case here. The testimony was to be read as if the witness had taken the stand. When evidence is offered in the form of testimony and much of the testimony is relevant and material to the case, the entire testimony cannot be excluded merely because portions are inadmissible. The testimony should have been read with objections being made to those specific portions which were inadmissible and they alone being excluded.

Nurse Karcher was called as a rebuttal witness to testify as to the proper standards of care for patients by nurses in SICUs. At the trial, she testified that she began working as an LVN at Hermann Hospital in 1971. She later pursued her BS degree in nursing at the University of Saint Thomas. In 1972 she began working part time at Saint Luke's Hospital and remained there until 1976. While at St. Luke's, she spent her first two years in post operative care and the last two years in neurological ICU and SICU. She earned her BS in nursing in 1977 and began working in the SICU at Hermann Hospital that same year. She continued to work at Hermann Hospital's SICU until 1979. In the spring of 1980 she began working in the SICU at the Veterans Hospital and remained there for six months. She was later a consultant in the development of the SICU at Medical Arts Hospital. Karcher's testimony revealed that she had had extensive experience in the care of patients using endotracheal tubes and in the proper method of suctioning those tubes.

Although Karcher was not an RN at the time she gave her testimony, she was qualified to testify because of her experience. Non-physicians may qualify as medical experts by virtue of special experience. *Warren v. Hartnett,* 561 S.W.2d 860 (Tex. Civ.App.—Dallas 1977, writ ref'd n.r.e.). Nurse Ward, the Assistant Head Nurse on the three to eleven shift at Hermann Hospi-

tal, testified that there was no specialization or certification requirement for nurses to work as critical care nurses in SICUs. Such nurses were qualified only by their experience.

Appellees contend Karcher was not qualified as an expert because she was familiar only with the standard of care in the SICU at Saint Luke's Hospital. Due to the similarity of hospital standards, the now eroded locality rule should not be stretched that far. Doctors are no longer required to be from the same city, state, or school of practice in order to testify so long as they are equally familiar with the subject of inquiry and where the subject of inquiry relates to the manner of use of electrical and mechanical appliances which are of common use in both schools of practice. *Jeffcoat v. Phillips,* 417 S.W.2d 903 (Tex. Civ.App.—Texarkana 1967, writ ref'd n.r.e.); *Puryear v. Porter,* 153 Tex. 82, 262 S.W.2d 933 (1953); *Dupree v. Palmarozzi,* 596 S.W.2d 544 (Tex.Civ.App.—Beaumont 1980, no writ). This standard should apply to nurses as well. Nurse Karcher had been practicing in Houston Hospitals since 1971 and in ICUs and SICUs since 1975. Her testimony reveals that she was sufficiently familiar with the subject to qualify her as an expert witness.

Additionally, the offered testimony of nurse Karcher was rebuttal. Although some of her testimony may have been inadmissible in appellants' case in chief, testimony which is inadmissible in the first instance may become relevant and admissible in rebuttal. *Minor v. Commercial Insurance Co. of Newark, New Jersey,* 557 S.W.2d 608 (Tex.Civ.App.—Texarkana 1977, no writ). Appellees' witnesses testified that on the day in question there were only three other patients besides appellant in the four-bed SICU II. They testified further that a one to three or one to four nurse to patient ratio was acceptable in a step down SICU. Dr. Coveler testified that a one to ten ratio was acceptable at Ben Taub Hospital where he practices. Appellees' witnesses also testified that not all of the care given a patient by a nurse is recorded on

the patient's chart and the absence of return upon suctioning the endotracheal tube is not an indication of patient distress. The nurse's notes did not indicate that an unsuccessful attempt to pass a suction catheter was made and that Cheryl's endotracheal tube became obstructed as a result of a sudden acute episode such as a kink in the tube.

The offered rebuttal testimony of Nurse Karcher stated that although the SICU unit contained only four beds, a fifth patient could be placed in the unit on a stretcher awaiting removal from the unit, giving the appearance of five patients' being treated there. She further stated that the proper nurse to patient ratio in an SICU is one to two, the proper nursing procedure requires recording any care given to a patient on his or her chart, that the absence of return upon suctioning is indeed cause for alarm when the suction catheter cannot be passed through the tube, and that her interpretation of the nurse's notes indicate that an unsuccessful attempt to pass a catheter was made. She further stated that the endotracheal tube most likely became obstructed as a result of a gradual accumulation of secretions.

The excluded evidence was directly relevant to the issue of liability. Nurse Karcher was appellants' only nursing expert on that issue and her testimony was, therefore, not cumulative of the medical testimony presented by appellants in its case in chief. "It is a fundamental rule that either party is entitled to introduce testimony to rebutt evidence introduced by his adversary." *Lumbermen's Lloyds v. Jones,* 264 S.W.2d 759, 761 (Tex.Civ.App.—Texarkana 1954) rev'd on other grounds 153 Tex. 379, 268 S.W.2d 909 (1954); *Southern Pacific Transportation Co. v. Peralez,* 546 S.W.2d 88 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n.r.e.). Nurse Karcher's testimony was offered to refute direct evidence presented by appellees and to strengthen its case in chief. "Anything may be given in evidence in reply, which is a direct answer to that produced on the part of the defendant." *Markham v. Carothers,* 47 Tex. 21, 27 (1877); *Gendke v. Traveler's Insurance Co.,*

368 S.W.2d 3 (Tex.Civ.App.—Waco 1963, no writ). A trial judge is not vested with discretion to deprive a litigant of a matured right to produce rebuttal testimony. *Papco Inc. v. Eaton,* 522 S.W.2d 538 (Tex.Civ.App. —Texarkana 1975, no writ). Appellants' points of error two through seven are sustained.

The judgment of the trial court is reversed and the cause remanded for new trial.